THORP FINANCE CORPORATION,
Plaintiff,

v.

Roger A. LEHRER a/k/a Roger Lehrer and Lilas Lehrer a/k/a Lilas Mary Lehrer, his wife, Winnebago County, United States of America, Defendants.

and

Roger A. LEHRER a/k/a Roger Lehrer and Lilas Lehrer a/k/a Lilas Mary Lehrer, his wife, Third-Party Plaintiffs,

v.

Patrick COTA, personally, Robert E. Brandenburg, personally, Third-Party Defendants.

No. 84–C–814.

United States District Court, E.D. Wisconsin.

July 17, 1984.

Roger Lehrer and Lilas Lehrer, pro se.

Chudacoff & Liebzeit by Larry Liebzeit, Appleton, Wis., for third-party defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On May 13, 1983, the plaintiff, Thorp Finance Corporation, commenced a civil action for foreclosure in Winnebago County Circuit Court, State of Wisconsin, against the defendants, Roger and Lilas Lehrer. The defendants filed counterclaims against the plaintiff and its agents on June 2, 1983. Judgment for the plaintiff was entered in state court on October 25, 1983. On April 30, 1984, the state court dismissed the defendants' counterclaims. Thereafter, on June 18, 1984, the defendants petitioned for removal of the action to this court. Because the petition fails to satisfy the requirements for proper removal, the case will be remanded to the state court.

The defendants assert that removal is proper under 28 U.S.C. § 1443. Section 1443 permits removal

"(1) [By any defendant] who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The Supreme Court has specifically held that the statutory reference to "any law providing for ... equal civil rights" only encompasses laws providing for specific civil rights that are stated in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792–94, 86 S.Ct. 1783, 1790–91, 16 L.Ed.2d 925 (1966). Claims that an action "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975).

The defendants allege that the judge in the state court action denied them equal protection of the law in violation of the State of Wisconsin Constitution and 42 U.S.C. §§ 1983 and 1985(3). The constitutional and statutory provisions relied on by the defendants are phrased in terms of general application, rather than in the specific language of racial equality demanded by § 1443. The defendants nowhere allege that they have been discriminated against on the basis of race in the state court action. Therefore, this action is not removable under § 1443.

Moreover, the defendants have failed to satisfy the procedural requirements for a valid removal petition. Section 1446(b), 28 U.S.C., provides that a petition for removal must be filed within 30 days of the defendant's receipt of the initial pleading setting forth the claim for relief. By any calculation, the defendants have failed to satisfy this prerequisite for proper removal. The defendants' petition for removal was not filed in this court until June 18, 1984, well over one year after the original complaint was filed in state court.

Finally, a case may not be removed from a state court to a federal court after the state court enters a final judgment that terminates the litigation. *Mestice v. McShea*, 201 F.2d 363, 364 (3d Cir. 1953). Thus, the defendants' removal of this action after the state court had entered final judgment for the plaintiff and had dismissed the defendants' counterclaims is patently improper. Accordingly, this court, acting on its own motion pursuant to 28 U.S.C. § 1447(c), will remand this case to the state court.

The defendants, Mr. and Mrs. Lehrer, proceeding pro se, posted a removal bond in the sum of $250. Although the defendants were misguided as to their

right to a removal, I am persuaded that they acted in good faith. Accordingly, the bond will not be ordered forfeited in favor of the plaintiffs.

Therefore, IT IS ORDERED that this action be and hereby is remanded to the Winnebago County Circuit Court, State of Wisconsin.

IT IS ALSO ORDERED that that the removal bond posted in this action be returned to the defendants.