In re SAVERS FEDERAL SAVINGS & LOAN ASSOC., The Federal Savings and Loan Ins. Corp., Petitioners.

No. 89–5272.

United States Court of Appeals,
Eleventh Circuit.

April 24, 1989.

Jose I. Astigarraga, Steel, Hector & Davis, Miami, Fla., for petitioners.

Jesse H. Diner, Atkinson, Jenne, Diner, Stone & Cohen, P.A., Hollywood, Fla., Byron G. Petersen, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for respondents.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

## I.

Respondent Stan Baumann brought suit in Florida state court against petitioner Savers Federal Savings and Loan Association ("Savers Federal") on December 16, 1986. Baumann's suit arose from a loan agreement he had entered into with Savers Federal, and raised the following claims: breach of contract, breach of the Florida Statutes § 671.203 duty of good faith, conversion, civil conspiracy, civil theft, tortious interference with contract, and fraud. Savers Federal in turn counterclaimed, seeking to foreclose on the mortgage Baumann had given to secure the loan agreement at issue, to collect on a promissory note that Baumann had signed, and to collect damages under a guaranty that Baumann and his wife had given to Savers Federal. Baumann raised impairment of collateral as a defense to the counterclaim.

On December 1, 1988, a jury found in favor of Baumann on the claims of breach of contract and breach of statutory good faith. The jury awarded Baumann $15,400,000 in compensatory damages. The jury also found in favor Baumann's impairment of collateral affirmative defense, finding that Savers Federal had impaired the collateral in the amount of $8,740,000. On January 25, 1989, the court resolved the outstanding issues in the case. On the counterclaim, which had not been submitted to the jury, the court awarded Savers Federal the amount of the principal Baumann owed on the promissory note, but denied Savers Federal accrued interest and expenses. This resulted in a net award to Baumann of $7,365,202.90. The court denied Savers Federal's motions for rehearing, new trial, and remittitur.[1]

On Friday, February 10, 1989, the Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") the conservator of Savers Federal. The FSLIC thus became a party to the lawsuit between Baumann and Savers Federal. *See North Miss. Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). The next Monday, February 13, 1989, the

---

1. Petitioners argue that the court's January 25th decision was not a final judgment because the court noted in its order that "the issue of interest, other charges or costs is decided without prejudice to SAVERS filing as [sic] Motion for Rehearing." This statement of the district court, however, is little more than a truism: the Florida Rules of Civil Procedure plainly provide for such a motion. Rule 1.530. The issue that the court noted could be raised in a motion for rehearing was not tried by the jury, and thus was not addressed in Savers Federal's previous motion for rehearing or new trial as to the jury verdict. Therefore, it was within Savers Federal's rights to move for a rehearing as to this issue whether the court had made the observation or not. Thus, we do not construe the district court's observation as making the judgment non-final. What we find dispositive, however, is that the time in which Savers Federal could appeal had not expired when it removed the case to the United States District Court and then filed its notice of appeal to this court.

FSLIC filed a notice of removal of the pending state lawsuit to the United States District Court for the Southern District of Florida. The FSLIC then filed a notice of appeal from the state court's judgment to this court, arguing that the state court's judgment became an order of the federal district court upon removal. Baumann then cross-appealed.

On March 1, 1989, Baumann filed in the district court a motion to remand the action on the ground that the removal statute does not allow removal to the federal courts after a case has been decided in the state courts. Before the FSLIC and Savers Federal could respond, the district court granted Baumann's motion to remand, concluding that:

> This case is finished in the state court. Defendant cannot now come to the federal court because defendant is unhappy with the result in state court.

We stayed the district court's order remanding the case to the state court. The FSLIC in its capacity as conservator for Savers Federal and Savers Federal petitioned this court for a writ of mandamus to vacate the district court's order remanding the action to the state court.

## II.

We have held that when a district court erroneously remands to a state court an action properly removed by the FSLIC, a writ of mandamus should issue to vacate the remand order. *See In re: Federal Savings and Loan Ass'n*, 837 F.2d 432, 436 (11th Cir.1988). Thus, mandamus is the proper remedy. We now consider the question of whether the district court correctly

concluded that 12 U.S.C. § 1730(k)(1) does not permit removal after the state court has entered final judgment and before the time for appeal has lapsed.

Section 1730(k)(1)(C) provides that the FSLIC may remove "any [civil] action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect." We have held that "[t]he procedures for removal to which section 1730(k)(1)(C) refers are those prescribed in 28 U.S.C. § 1446(a), (b), (d), (e) (1982), which specify how and when a petition for the removal of a case from state court to federal court is to be filed." *In re: Federal Savings and Loan Insurance Corp.*, 837 F.2d at 435.

Turning to section 1446, we note that section 1446(b) states only that petitions for removal must be filed within thirty days of the date the FSLIC becomes a defendant.[2] As noted above, the FSLIC becomes a party within the meaning of section 1730(k)(1) on the day the conservatorship is imposed. The FSLIC filed its petition for removal within three days of being appointed Savers Federal's conservator, and therefore complied with the filing requirements of section 1446(b) because it filed within thirty days of the point at which it could "first be ascertained that the case is one which is or has become removable."

The question, then, is whether after there has been a final judgment by the state trial court, but when the period for appeal has not yet lapsed, a case ceases to

2. 28 U.S.C. § 1446(b) provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the

> defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> We note that the second paragraph of § 1446(b) expressly contemplates removal after the point at which "it may first be ascertained that the case is one which is or has become removable," yet does not proscribe removal after the state court action has reached any particular point. The only limit § 1446(b) provides is the thirty day time period in which to file the petition for removal.

be an "action from a State court" which can be removed to a federal forum under section 1730(k)(1). We can discern no reason to confine the interpretation of "action" to actions that have not reached judgment. Such a rule has been rejected by three circuits with respect to default judgments. *Murray v. Ford Motor Co.*, 770 F.2d 461 (5th Cir.1985); *Butner v. Neustadter*, 324 F.2d 783 (9th Cir.1963); *Munsey v. Testworth Laboratories*, 227 F.2d 902 (6th Cir.1955). Had Congress intended to limit the removal power of the FSLIC to suits pending before a state trial court, it could have explicitly stated as much, as it did in the removal statute applicable to Federal Reserve banks, 12 U.S.C. § 632 (1982) (limiting the power of a Federal Reserve member bank to remove a suit to "any time before the trial thereof").

If the thirty-day filing period of section 1446(b) had expired, then the FSLIC would be foreclosed from petitioning for removal. Here, however, the FSLIC petitioned for removal well within the statutory time period. Similarly, if the period in which appeals may be had from a Florida state court judgment had lapsed, then the FSLIC would be foreclosed from appealing from the state court judgment either in the Florida state courts or here. *E.g., Mestice v. McShea*, 201 F.2d 363 (3d Cir.1953).

In the instant case, in which removal and notice of appeal were timely, we will take the case as we find it on removal and treat everything that occurred in the state court as if it had taken place in the district court below. *Cf. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (removal to federal court does not give greater benefits or effects to actions taken by state court before removal than those actions would have had in state court). The state court judgment accordingly will be deemed to have been entered by the federal district court and we will entertain FSLIC's appeal therefrom.

Baumann cites *Federal Savings & Loan Ins. Corp. v. Templeton*, 700 F.Supp. 456 (S.D. Ind.1988), for the proposition that

principles of federalism and comity bar a federal court from "snatch[ing] a case out of a state appellate court." We recognize Baumann's concern, but where, as here, Congress itself has weighed interests of federalism and comity and given the FSLIC the power to remove cases to the federal courts, second-guessing by this court would be improper.

Petitioners' prayer for writ of mandamus is GRANTED. The district court's remand order accordingly is VACATED.