In re **FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION,** Petitioner.

Seth **WARD,** Appellee,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION,** Appellant.

Nos. 89–1961, 89–1980.

United States Court of Appeals, Eighth Circuit.

Submitted July 18, 1989.

Decided Aug. 7, 1989.

Lawrence F. Bates, Washington, D.C. and George Pike, Jr., Little Rock, Ark., for appellant.

Thomas Ray, Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

ARNOLD, Circuit Judge.

Seth Ward brought this breach-of-contract case against Madison Guaranty Savings and Loan Association and Madison Financial Corporation in the Arkansas state courts. Judgment was entered in Ward's favor in the Circuit Court of Pulaski County, Arkansas. Madison Guaranty and Madison Financial appealed to the Arkansas Court of Appeals. Thereafter, the Federal Home Loan Bank Board declared Madison Guaranty insolvent, and the Federal Savings and Loan Insurance Corporation (FSLIC), acting through the Federal Deposit Insurance Corporation as manager, took over the operation and management of Madison Guaranty as its statutory conservator.

The FSLIC then filed a removal petition, purporting to remove the case from the Arkansas Court of Appeals to the United States District Court for the Eastern District of Arkansas. Mr. Ward moved to remand the case, and the District Court, Reasoner, J., granted the motion. The District Court then denied the FSLIC's motion for a stay of the remand, and we denied a similar motion. The case has been remanded and is now pending in the Arkansas Court of Appeals. We have before us a petition filed by FSLIC for writ of mandamus, as well as an appeal, seeking review of the order of remand.

We must first confront the issue of our own jurisdiction. The general rule, laid down in 28 U.S.C. § 1447(d), is that orders of remand are not reviewable, either by appeal or otherwise. FSLIC, however, removed this case under its own specialized removal statute, 12 U.S.C. § 1730(k)(1)(C).[1] It argues that the prohibition against review contained in 28 U.S.C. § 1447(d) does not apply to cases removed under 12 U.S.C. § 1730(k)(1)(C). The issue is one of first impression in this Court, but two other Circuits have ruled on it in full opinions. The Ninth Circuit holds that there is no jurisdiction to review.[2] The Eleventh Circuit goes the other way.[3]

The parties have filed extensive briefs which we have carefully considered. We hold that we lack jurisdiction to review the order of remand. We are convinced by the reasoning of Judge Schroeder's opinion for the Ninth Circuit in *Frumenti.* For several reasons, we content ourselves with this summary statement and forego the filing of a fuller opinion. This case is now going forward in the state courts, and the parties need to know whether they are in the right forum. The arguments on both sides of the jurisdictional issue have been fully canvassed in the other Circuits' opinions which we have cited.

In addition to arguing that the order of remand is itself reviewable, FSLIC contends that, even if we lack jurisdiction to review the remand order, we still have jurisdiction, by way of its appeal, to review an underlying substantive ruling made by the District Court, a ruling having to do with FSLIC's defense under the doctrine of *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). We disagree. In our view, cases such as *City of Waco v. United States Fidelity & Guaranty Co.,* 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed.

---

1. Actually, the Notice of Removal cites the general removal statute, 28 U.S.C. § 1441 *et seq.,* as a basis for removal, in addition to FSLIC's special statute. In view of our agreement with the Ninth Circuit that orders remanding cases removed under FSLIC's special statute are not reviewable, we need not decide whether (as Ward contends) this reference to Section 1441 weakens FSLIC's position on the question of our jurisdiction.

2. *Federal Savs. & Loan Ins. Corp. v. Frumenti Dev. Corp.,* 857 F.2d 665 (9th Cir.1988). The *Frumenti* opinion thoughtfully considers and rejects virtually the same arguments FSLIC makes to us.

3. *In re Savers Fed. Savs. & Loan Ass'n,* 872 F.2d 963 (11th Cir.1989) (per curiam); *In re Federal Savs. & Loan Ins. Corp.,* 837 F.2d 432, 436 (11th Cir.1988).

244 (1934), in which the dismissal of a party is held reviewable by appeal, notwithstanding the subsequent remand of a case to the state courts, are not in point. Here, the District Court's remarks with respect to the *D'Oench, Duhme* defense were merely a subsidiary legal step on the way to its determination that the case was not properly removed. The purpose of the *City of Waco* doctrine is to prevent one of the parties from being prejudiced by a claim of preclusion made after the remand to the state courts. We do not believe that such a claim would be appropriate here. The District Court has held simply that it lacks jurisdiction, that removal was improper. We understand this holding to be without prejudice to the right of FSLIC to set up in the state courts, to the extent permissible under state rules of practice and procedure, its *D'Oench, Duhme* defense.

The appeal and the petition for mandamus are both dismissed for want of jurisdiction.

It is so ordered.