## In re RESOLUTION TRUST CORPORATION,* Petitioner.

### Seth WARD, Appellee,

v.

## RESOLUTION TRUST CORPORATION,* Appellant.

### Nos. 89–1961, 89–1980.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1989.

Decided Oct. 20, 1989.

---

* On September 7, 1989, on motion of Resolution Trust Corporation, we entered an order substituting it as party petitioner and appellant, in place of the Federal Savings and Loan Insurance Corporation and the Federal Deposit Insurance Corporation, respectively.

**58**

Before ARNOLD and MAGILL,
Circuit Judges, and ROSS, Senior
Circuit Judge.

ARNOLD, Circuit Judge.

Resolution Trust Corporation (RTC) asks us to review, either by appeal or mandamus, the District Court's order remanding to the Arkansas Court of Appeals a civil action that had earlier been removed by RTC's predecessor, the Federal Savings and Loan Insurance Corporation (FSLIC). On August 7, 1989, we filed our opinion holding that we had no jurisdiction to undertake any such review. *In re Federal Savs. & Loan Ins. Corp.*, 881 F.2d 564. A judgment was entered dismissing both the appeal and the petition for mandamus for want of jurisdiction.

■ We now have before us RTC's timely petition for rehearing and the other side's response. On August 9, 1989, the Financial Institutions Reform, Recovery, and Enforcement Act became law. Pub. L.No. 101–73, 103 Stat. 183. Section 501(*l*)(3) of this Act provides, among other things, that "[t]he [Resolution Trust] Corporation may appeal any order of remand entered by a United States district court." RTC claims this new provision gives us jurisdiction of its appeal.

■ We agree. In general, cases are to be decided in accordance with the law as it exists at the time of the decision. New statutes are usually interpreted not to apply retroactively, but the general rule is otherwise with respect to new enactments changing procedural or jurisdictional rules. If a case is still pending when the new statute is passed, new procedural or jurisdictional rules will usually be applied to it. See, *e.g., Ex parte McCardle*, 6 Wall. 318, 18 L.Ed. 816 (1867) (pending appeal must be dismissed after Congress passes new law repealing its jurisdictional basis). We had filed our opinion and entered judgment, but the time for rehearing had not run, nor had the mandate issued. The case was therefore still pending in this Court when the new Act became law. If the Act gives us jurisdiction, we must now exercise it, notwithstanding our former ruling that we lacked jurisdiction under preexisting law.

■ The appellee does not dispute these general principles. He argues instead that Section 501(*l*)(3) applies only to cases removed by the RTC itself. It does not apply, the argument goes, to cases (like this one) that had been removed by FSLIC, RTC's predecessor, before the Act was passed. Appellee stresses that the appeal portion of Section 501(*l*)(3), unlike other parts of the Act dealing with cases removed by entities other than RTC, does not have its own separate heading and numbered paragraph. It must therefore be taken as limited to cases removed by RTC itself under the preceding parts of Section 501(*l*)(3).

In order for the reader to appreciate the argument fully, we set out the full text of Section 501(*l*)(3), which governs removals by RTC:

(3) *Removal and Remand.*—The Corporation [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

The Corporation may appeal any order of remand entered by a United States district court.

The last sentence of this paragraph (3), appellee argues, does not have its own enumeration and heading. It does not begin, for example, with something like "(4)—*Appeal of Remand.*" It is simply part of a larger provision captioned "(3)—*Removal and Remand.*" We are asked to find a significant contrast in Section 209(4)(b)(2) of the Act, which governs jurisdiction and removal of Federal Deposit Insurance Corporation cases, and does include a separately numbered and captioned subparagraph dealing with appeal of orders of remand. The Section with a separately numbered and captioned heading, we are told, confers a broader right of appeal than the Section whose appeal provision is not distinguished in this manner.

The argument is ingenious and vigorously argued, but we do not find it persuasive. The statute says that the RTC may appeal "*any* order of remand." (Emphasis ours.) Obviously "any" cannot extend to orders remanding cases removed by wholly unrelated parties. But RTC is FSLIC's corporate successor. We have substituted it as party appellant and petitioner in this case. It stands in FSLIC's shoes. The natural meaning of the statutory phrase is to allow it to appeal orders of remand in cases that were FSLIC's before the new law. Reading the statute in this way advances the general purpose of Congress, which was to expand federal power to defend the solvency of savings institutions. The editorial differences that appellee urges upon us are too weak a reed to bear the weight we are asked to give them.

We hold that the Act gives us jurisdiction of this appeal. The petition for rehearing is granted. The opinion filed and the judgment entered by us on August 7, 1989, are vacated. This case is restored to the calendar for briefing and oral argument on the merits. The Clerk will set a briefing schedule, and the case will be set for argument in due course. The order dismissing the petition for mandamus will remain in effect. Since the order of remand is reviewable by appeal, there is no reason for a duplicative petition for an extraordinary writ.

It is so ordered.