FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
MBank Dallas, N.A., Plaintiff,

v.

Greg H. SELLARDS, Defendant.

Civ. A. No. 3–89–1126–H.

United States District Court,
N.D. Texas,
Dallas Division.

March 7, 1990.

Wm. Frank Carroll, John Nevins, Alyson C. Dover, Baker Mills & Glast, Dallas, Tex., for plaintiff.

C. Kent Adams, Edwin R. DeYoung, Liddell Sapp Zivley Hill & Laboon, Dallas, Tex., for defendant.

### AMENDED MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Pursuant to Rule 60(a), the Court hereby amends its Memorandum Opinion and Order of January 11, 1990, and substitutes this amended version.

This case presents an unusual procedural question. The suit began in 1988 in Dallas County District Court when Greg Sellards filed suit against MBank. The state district court granted Sellards' Motion for Summary Judgment on November 14, 1988, and MBank perfected its appeal to the Texas Court of Appeals on December 14, 1988. On March 28, 1989, while the appeal was pending, the Comptroller of the Currency declared MBank insolvent and appointed the FDIC as Receiver. On April 27, 1989, the FDIC timely removed the case to this Court. The FDIC now asks this Court to treat the appellate brief MBank filed in the Texas Court of Appeals as a Motion for Reconsideration of the summary judgment granted by the state district court.[1]

Prior to the passage of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183 (1989) ("FIRREA"), a few courts had held that the FDIC had the statutory authority under 12 U.S.C. § 1730(k)(1) to remove even an appeal pending in state court. *See, e.g., In re Savers Federal Savings & Loan Ass'n*, 872 F.2d 963 (11th Cir.1989) (FSLIC may remove a final state court judgment to federal court when the time for appeal in the state courts has not

---

1. The FDIC has not filed a formal Motion for Reconsideration. Instead, in a supplemental brief filed in federal court on January 9, 1990, the FDIC asserts on pages 8–9 that "[t]he [state] District Court Opinion, granting summary judg-ment, must be considered as the order of this Court granting summary judgment. The Brief of Appellant filed by MBank, consequently, becomes akin to a motion for reconsideration of this Court's Order granting summary judgment."

run);[2] *Vernon Sav. and Loan Ass'n v. Commerce Sav. and Loan Ass'n,* 677 F.Supp. 495 (N.D.Tex.1988) (FSLIC may remove pending state court appeal to federal district court where district court only decides whether it has grounds to reopen the state court judgment); *accord FDIC v. Ritchie,* 646 F.Supp. 1581 (D.Neb.1986) (case pending before Nebraska Supreme Court removed to district court without discussion of statutory authority).

One court, however, was concerned that allowing the removal of a pending state court appeal to federal district court would violate the principles of federalism, comity, and res judicata, as well as effect a repeal of the Full Faith and Credit Act. *FSLIC v. Templeton,* 700 F.Supp. 456, 457 (S.D.Ind. 1988). Believing that Congress did not, even "in its wildest imagination," intend such a result, the court refused to interpret 12 U.S.C. § 1730(k)(1) as granting the FDIC authority to remove a pending state court appeal. Instead, the court remanded the case back to the state appellate court. *Id.* at 458.[3]

Regardless of the correct interpretation of 12 U.S.C. § 1730, the passage of FIRREA in August may have mooted the statutory construction issue since section 212 of that act provides that "[i]n the event of any appealable judgment, the [FDIC] shall ... have all the rights and remedies available to the insured depository institution ... including removal to Federal court and all appellate rights." Since the Fifth Circuit has held that the jurisdictional provisions of FIRREA must be applied retroactively to cases filed before the passage of FIRREA, *Triland Holdings & Co. v. Sunbelt Svc. Corp.,* 884 F.2d 205 (5th Cir. 1989),[4] this Court must apply section 212 to the present case.

The FDIC argues that section 212 clearly empowers it to remove a pending state court appeal to federal court. The Court is not convinced that this interpretation is correct, since the language could equally well mean only that the FDIC has whatever powers the insured bank has on appeal, and no more. Thus since an insured bank has no power to remove a pending appeal, neither would the FDIC.

Accepting, however, the FDIC's argument that FIRREA does empower the FDIC to remove a pending state court appeal to federal court, the problem remains that the removal of a state court appeal to federal court runs contrary to Supreme Court and Fifth Circuit authority regarding the nature of our federalist system. For example, in *Atlantic Coast Line Rwy. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), the Supreme Court narrowly construed an exception to the Anti–Injunction Act (which prohibits federal courts from enjoining state court proceedings) on federalism grounds:

> [S]ince the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.

398 U.S. at 287, 90 S.Ct. at 1743. The Court was even more explicit later in the opinion:

> Again, lower federal courts possess no power whatever to sit in direct review of state court decisions. If the union was adversely affected by the state court's decision, it was free to seek vindication of its federal right in the Florida appellate courts and ultimately, if necessary, in this Court.

**2.** The holding is limited to cases where the time for appeal has not run, *see* 872 F.2d at 965, and the court accepted the case as though everything done in the state court had been done in the federal court. *Id.* at 966. Thus, the court held, since the time for appeal had not run in state court, a federal appeal was proper.

**3.** *Cf. In re FSLIC,* 881 F.2d 564, *op. vacated,* 888 F.2d 57 (8th Cir.1989). In that case the district court, in an unreported decision, found that it lacked jurisdiction over a removed, pending state court appeal and remanded. The reasons why the District Court believed it lacked jurisdiction are unclear.

**4.** *See also In re Resolution Trust Corp.,* 888 F.2d 57 (8th Cir.1989) (same holding).

*Id.* at 296, 90 S.Ct. at 1748.[5]

The Fifth Circuit has also spoken strongly against such interference by federal courts. *See Lampkin–Asam v. Supreme Court of Florida,* 601 F.2d 760 (5th Cir. 1979), *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642, *reh'g denied,* 444 U.S. 1103, 100 S.Ct. 1071, 62 L.Ed.2d 790 (1980) ("This court has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. § 1983 or any other theory to reverse or modify the judgments of state courts.").[6] Thus, while the statutory authority of the FDIC to remove a pending state court appeal may be clear, the constitutionality of the statute is far from obvious.

Other courts have specifically not permitted the removal of final state court judgments on precisely these grounds. For example, in *Mestice v. McShea,* 201 F.2d 363 (3rd Cir.1953), the Third Circuit refused to allow the removal of a final state court judgment, stating: "The state litigation terminated in a judgment which is now final. It is, therefore, res judicata. This court has no authority to sit in review of that judgment. The order dismissing the petition [for removal] will be affirmed." *See also Thorp Finance Corp. v. Lehrer,* 587 F.Supp. 533, 534 (E.D.Wis.1984) (removal of final state court judgment to federal court not allowed, citing *McShea*). On the other hand, the Eleventh Circuit was not troubled by the removal of a pending state court appeal to federal court, reasoning that the federal courts do not have to concern themselves with the issues of res judicata and comity in considering such removals, since Congress, in passing 12 U.S.C. § 1730, must have done so already. *See In re Savers,* 872 F.2d at 966.

But the Eleventh Circuit also rested its decision at least in part on the fact that the FDIC removed the case before the Florida period for appealing the trial court's decision had run, and filed the notice of appeal to the Eleventh Circuit immediately thereafter. Thus, the FDIC did not try to have the case reopened by a federal district court. In this case, the FDIC is attempting to remove an appeal already pending before the Texas appellate courts, and have the federal district court reopen the state trial court's decision to interpose FDIC's special defenses.

Thus, even if FIRREA authorizes removals of pending appeals, the statute does not resolve the issue of which level of the federal courts must receive a removed pending state court appeal. The statute governing removal procedures, 28 U.S.C. § 1441(a), requires removal to federal district courts. However, removal of a pending state appeal to a federal district court conflicts with 28 U.S.C. § 1738, which extended the effect of the Full Faith and Credit Clause to federal courts, and the precedents cited above, while raising a host of difficult procedural[7] and substantive[8] issues.

---

**5.** *See also Younger v. Harris,* 401 U.S. 37, 44–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971): [A]n even more vital consideration [is] the notion of "comity," that is, a proper respect for state functions, a ... belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as "Our Federalism".... What the concept [represents] is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. It should never be forgotten that this slogan, "Our Federalism," born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future.

**6.** The Fifth Circuit does allow federal courts to vacate state court default judgments. *See infra* note 9.

**7.** The procedural quandaries into which allowing such removals will throw the federal courts are many. The general rule is that once a state court action is removed, it is governed by federal, not state, procedural rules and deadlines. *McIntyre v. K–Mart Corp.,* 794 F.2d 1023, 1025 (5th Cir.1986). Yet if everything that has happened in a state court is deemed to have occurred in federal court, how does a federal court even have jurisdiction of a pending appeal? District courts and courts of appeal may spend a great deal of time trying to discern analogies between state and federal procedures

Judge Fitzwater of this district was comfortable with a federal district court accepting a state court appeal because he reasoned that the district courts are limited to determining whether any relief may be granted under the federal rules. *Vernon Sav. & Loan,* 677 F.Supp. at 499. Noting that upon removal federal courts accept the case in its current posture as though everything done in state court had in fact been done in federal court, *id.* at 498; *see also*

FDIC v. *Yancey Camp Dev.,* No. CA3–88–2152, memo. op. at 3 n. 3 (N.D.Tex. Mar. 27, 1989) (Fitzwater, J.) (citing *Nissho–Iwai American Corp. v. Kline,* 845 F.2d 1300, 1303 (5th Cir.1988)), *rev'd on other grds.,* 889 F.2d 647 (5th Cir.1989), Judge Fitzwater reasoned that if a federal district court would have the power to modify or vacate its own order, then it has the power to modify the state court's judgment.[9]

in order to understand the procedural posture of a removed case.

More difficult still is the imposition of deadlines. For example, in *Munsey v. Testworth Laboratories, Inc.,* 227 F.2d 902, 903 (5th Cir. 1955), the Fifth Circuit held that since a state court default judgment was still subject to being set aside in the state court when it was removed to federal court, then it could be vacated in federal court. However, the court stated, the federal court was not limited to the shorter reconsideration period set out in the state rules. What if the defendant had removed the case *after* the state time for reconsideration had passed, but during the time allowed for reconsideration in federal court? Conversely, what if the time allowed in state court was longer than that allowed in federal court?

In another example, a motion for a new trial under Fed.R.Civ.P. 59 must be filed within 10 days of judgment, and a motion under Fed.R. Civ.P. 60(b)(1) through (3) must be filed within a year. Does that rule apply even if intervention by the FDIC occurred long after the applicable time period has lapsed? And how should time periods for appeals be applied? Should the state court deadlines apply until the cases are removed to federal court? Once removed to federal court, must the case be docketed and the judgment of the state court adopted by the federal district court before it can be appealed? What if a state's period for appeals is shorter than the federal period? Should a judgment removed after the state appeal time has run be appealable in federal court?

8. For example, the FDIC has a number of special defenses available solely to it such as the *D'Oench Duhme* doctrine (first developed in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, *reh'g denied,* 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942), and since elaborated by caselaw and codified in part at 18 U.S.C. § 1823(e)). The FDIC, in its self-styled Motion for Reconsideration, argues that these doctrines ought to apply to the present case. Yet the FDIC intervened only *after* final judgment had been entered in the state court. To request the Court to apply the FDIC's special defenses after a trial on the merits in which the FDIC was not even a party is to give the FDIC a status superior to that of any other litigant. Although this issue appears to have been decided against the FDIC by *Olney Sav. & Loan Ass'n*

v. *Trinity Banc Sav. Ass'n,* 885 F.2d 266, 274–75, *reh'g denied,* 892 F.2d 78 (5th Cir.1989) and *Thurman v. FDIC,* 889 F.2d 1441 (1989), *reh'g denied,* 894 F.2d 1335 (5th Cir.1990), the FDIC asserts that those cases are inapposite because they involved intervention by the FDIC after appeal had been perfected from the judgments of *federal* district courts. Distinguishing state court judgments as ones which may be vacated upon proper removal to federal court, the FDIC argues that this Court may vacate the previous state court judgment and consider its special defenses. While the Court cannot decide this issue since the Court finds that it lacks jurisdiction of the case, simply the presentation of the argument underscores both the violence such removals would do to the principles of res judicata and comity and the magnitude of the legal issues that will confront the federal courts if removal of state court appeals is allowed.

9. Judge Fitzwater relied upon Fifth Circuit cases allowing federal district courts to vacate some state court default judgments. *See id.* at 498. He also relied, in part, upon *Northshore Dev., Inc. v. Lee,* 835 F.2d 580 (5th Cir.1988). In that case, FSLIC removed a final state court judgment to federal district court, and moved to vacate the state court's judgment. As here, the district court refused to vacate the state court judgment, stating at the hearing on the motion:

[N]o law has been cited to me where I would have jurisdiction to vacate a Louisiana court's judgment.

. . . .

Sure, I have power to vacate my own judgment. If I were on the Fifth Circuit Court of Appeals, the United States Fifth Circuit Court, [I would have] the power to vacate District Court judgments, but you are talking about two entirely different systems.

Quoted in *Northshore,* 835 F.2d at 583 n. 12.

The Fifth Circuit affirmed the district court's denial of FSLIC's motion to vacate, but did state that "a state court judgment in a case properly removed to federal court can be vacated under Rule 60(b)." *Id.* at 583. The cases the court cited in support of this proposition, however, are all cases in which a default judgment had been entered in the state court against a defendant. *See* cases cited *id.* at 583 n. 13. The Fifth

That logic will not work when applied to this case. The principle that a removed case is treated as if all the proceedings in the state courts had occurred in federal court ought to require that an appeal in a state court be treated as an appeal in federal court. Otherwise, removal of an appeal to a federal district court would violate the principles of comity, federalism, and res judicata by allowing a federal district court to reopen and modify the final judgments of a state court.

Finally, even if jurisdiction does reside in this Court, the FDIC's assertion that its state court appeal should be treated as a motion for reconsideration is incorrect. The pleading does not satisfy the requirements of either a motion for new trial under Fed.R.Civ.P. 59,[10] or a motion for relief from judgment under Rule 60(b).[11]

As noted above, the Court is concerned that it lacks jurisdiction over this case either because the FDIC has wrongly interpreted section 212 of FIRREA and removal is not permitted,[12] or because allowing such removals would violate the Constitution. However, this Court will neither issue a definitive interpretation of section 212 of FIRREA nor find it unconstitutional since another means of disposing of the case exists. *See FCC v. Pacifica Foundation,* 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073, *reh'g denied,* 439 U.S. 883, 99 S.Ct. 227, 58 L.Ed.2d 198 (1978) (courts should avoid decision of unnecessary constitutional issues).

Even accepting the FDIC's arguments as to the validity of the removal, the Court finds that it has no power to reopen the state court judgment since the FDIC has no grounds upon which to base its self-styled Motion to Reconsider. Accordingly, the Motion for Reconsideration is DENIED, and the final judgment entered by the state court remains in effect. The Court is unable to discern any legal basis for granting any relief. Accordingly, the case is DISMISSED with prejudice.

SO ORDERED.

---

Circuit has long held that a federal district court may vacate a state court default judgment if any injustice results therefrom, since trial on the merits is preferred. *See Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 403 (5th Cir.1981).

A default judgment is a far cry, however, from a state court judgment reached by the state judge after consideration by that judge of the parties' appearances, pleadings, motions, and oral argument, as occurred here. Thus, the Fifth Circuit did not consider the issue presented squarely in this case: may a federal district court reopen a final judgment rendered by a state court on motions by the parties solely because the FDIC intervenes afterwards?

**10.** Such a motion must be filed within 10 days of the entry of judgment.

**11.** None of the grounds for relief allowed in 60(b) exist here.

**12.** To summarize, this Court is uncertain which of three possible interpretations of section 212 of FIRREA is correct. Congress could have intended solely to protect the FDIC's rights upon appeal in a state court by ensuring that the substitution of the FDIC for the insured bank would not affect its rights upon appeal. In this case, the FDIC has no more power than an insured bank to remove an appeal. Second, Congress could have intended to give the FDIC the power to remove a pending state court appeal to the federal appellate level, thereby ensuring a federal forum for the FDIC's claims without disturbing the state trial court's judgment. Third, Congress might have wished to empower the FDIC to remove a pending state court appeal to federal district court.