Harvey B. ALPERT, Theodore J. Alpert, and Leland J. Alpert, Plaintiffs,

v.

RESOLUTION TRUST CORPORATION, as receiver for Far West Savings & Loan Association and Far West Mortgage Co. of Colorado, Defendant.

Civ. A. No. 91–B–1907.

United States District Court, D. Colorado.

June 19, 1992.

Michael A. Sheldon, Englewood, Colo., Carl H. Tessler, Denver, Colo., Irwin Goldbloom, Arne M. Sorenson, Martin F. Petraitis, Washington, D.C., for plaintiffs.

William C. McClearn, Charles M. Johnson, Denver, Colo., William F. Demarest, Quinn O'Connell, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves under Fed.R.Civ.P. 60(b)(6) to set aside the judgment entered in this action by the District Court for the City and County of Denver. Hearing was held on June 19, 1992 and the motion was extensively briefed. However, I conclude that I have no jurisdiction to hear this motion because an appeal is pending. Therefore, this action is transferred pursuant to 28 U.S.C. § 1631 to the Tenth Circuit Court of Appeals.

The procedural posture of this case is unique. In March, 1989, plaintiffs brought suit against the two Far West entities in Colorado state court. Plaintiffs claimed that Far West had breached an agreement to extend an existing line of credit agreement, causing the failure of a real estate development project. Following a hotly contested trial on the merits, the jury returned a verdict for the plaintiffs and awarded damages of approximately $23 million. Far West post-trial motions for judgment jnov, new trial, and remittitur were denied by the state trial court. On May 11, 1990, Far West appealed to the Colorado Court of Appeals, raising only two issues: (1) real party in interest and (2) excessive damages. The appeal has been fully briefed.

RTC was appointed conservator of Far West on January 11, 1991, and receiver on February 15, 1991. Pursuant to 12 U.S.C.

§ 1819(b)(2)(B), RTC removed this action to the District Court for the District of Columbia. Subsequently, RTC successfully moved to transfer the case here. RTC also filed a motion to set aside the Colorado state judgment on the ground that plaintiffs' claim is barred by 12 U.S.C. § 1823(e) and *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Thus, RTC's Rule 60(b) motion is now pending before me.

I must notice my jurisdiction at all stages of a case. Here, the interplay of two well-settled legal rules compels me to conclude that I have no jurisdiction to hear this motion and must transfer the action to the Tenth Circuit Court of Appeals.

First, after removal, the federal court merely takes up where the state court left off. *Granny Goose Foods v. Teamsters*, 415 U.S. 423, 436, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435 (1974). Moreover, the proceedings in state court shall have force and effect after removal and these proceedings are deemed to have taken place in federal court. *Id.* at 435–36, 94 S.Ct. at 1122–23. Thus, when a state case is in an appellate posture before removal, it assumes that same posture when it comes into federal court. *See, In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir.1992); *In re Savers Federal Savings & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir.1989).

Second, the filing of a notice of appeal is an event of jurisdictional significance. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). Such an event divests the district court of jurisdiction and control over the case. *Id.* Here, I am faced with an action that has a fully briefed, pending appeal. The mere fact that the statute authorizing removal, 12 U.S.C. § 1819(b)(2)(B), dictates that the case will go first to a district court cannot create jurisdiction where it does not otherwise exist. Thus, I must conclude that I have no jurisdiction and cannot proceed with this action unless otherwise directed by the Tenth Circuit. *See, In re Meyerland*, 960 F.2d at 520 (recommending a

process where, in a mid-appeal removal, the district court merely prepares the record for appeal and forwards the case to the appropriate circuit court).

Nevertheless, RTC relies on *Jackson v. American Savings Mortgage Corp.*, 924 F.2d 195, 198 (11th Cir.1991). The court there held that a district court must adopt, vacate, or modify the state trial court's judgment before the case can proceed to the circuit court. The court reasoned that the *Granny Goose* "fiction" (that proceedings in state court are deemed to have occurred in federal) must be converted into "reality" before a federal appeals court can review the judgment. I am not persuaded. There is nothing in *Granny Goose* that requires such a process. Indeed, such a process would defeat the very purpose of the *Granny Goose* fiction, which is to avoid the duplication of effort between the state and federal systems. Therefore, I conclude that a state case removed during an appeal must assume that same posture once it enters the federal system.

The only remaining question is whether I have limited jurisdiction to hear a Rule 60(b) motion while an appeal is pending in the case. This question has caused much confusion in the courts and there is no clear answer. *See,* 11 Wright & Miller, *Federal Practice and Procedure,* § 2873 (1973). The Supreme Court case of *Standard Oil Co. of Cal. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), does not resolve the question because that case only addressed Rule 60(b) in the context of a completed appeal. The Tenth Circuit has stated:

> In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act.

*United States v. 397.51 Acres of Land,* 692 F.2d 688, 693 (10th Cir.1982), (*quoting, Aune v. Reynders,* 344 F.2d 835, 841 (10th Cir.1965)).

This is not an ordinary civil case. Because the trial was conducted in state court, I do not have the special knowledge and perspective that normally reposes in a district court ruling on a Rule 60(b) motion. Indeed, the issues raised in RTC's motion, especially the propriety of raising a defense for the first time on appeal, are purely legal and essentially appellate issues that can be best resolved in the Court of Appeals. Moreover, should I be inclined to grant the motion, RTC could not seek a remand from the Court of Appeals, as required by Tenth Circuit precedent, because this action is not currently before that court. Therefore, in an abundance of caution, prudence, and deference to the clear jurisdiction of the Court of Appeals, I conclude that I have no jurisdiction to hear this motion until so directed by the Court of Appeals.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's Rule 60(b)(6) motion is held in abeyance pending further direction from the Tenth Circuit Court of Appeals;

(2) Pursuant to 28 U.S.C. § 1631, this action is transferred to the Tenth Circuit Court of Appeals; and,

(3) The clerk of the district court shall prepare the record for appeal and forward this case to the Tenth Circuit Court of Appeals.