RESOLUTION TRUST CORPORATION as receiver for Hansen Savings, Plaintiff,

v.

Pieter BAKKER, Shirley Bakker, Pieter Bakker Marketing, Inc., and Pieter Bakker Management, Inc., Defendants.

No. 92–10024 CIV.

United States District Court, S.D. Florida.

Sept. 15, 1992.

Kenneth Siegel, Tampa, Fla., for plaintiff.

Mercedes C. Busto, Miami, Fla., for defendant.

## ORDER DENYING DEFENDANTS' MOTION TO REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came before the COURT upon Defendants' motion to remand this case to the District Court of Appeal for the Third District of Florida. In addition to Defendants' motion, the Court has before it Plaintiff's response and Defendants' reply.

### FACTS

On April 23, 1985, First Federal Savings and Loan Association of Hammonton, New Jersey ("First Federal"), and certain of its subsidiaries brought suit in state court against Defendants, the Bakkers. Defendants filed a counterclaim against First Federal. Some time later, First Federal merged with another institution and changed its name to Hansen Savings Bank, SLA ("Hansen"). After a trial, the State trial court entered a judgement which Defendants appealed to the Third District Court of Appeal for the State of Florida ("Third DCA") on January 3, 1992.

On January 9, 1992, the Office of Thrift Supervision ("OTS") declared Hansen insolvent and appointed the Resolution Trust Corporation ("RTC") its receiver.[1] Then on April 15, 1992, the RTC filed a notice of substitution for Hansen in the Third DCA and on April 20, the RTC filed and served a notice of removal to this Court pursuant to Title 12 U.S.C.S. § 1441a(*l*)(3) as amended in 1992.

Defendants have contested the removal stating that unamended § 1441a(*l*)(3)[2] applies, and that the statute prohibits the RTC from removing such cases to Federal Court when removal is more than ninety days after the RTC becomes a party to the suit. In response, Plaintiff alleged that the amended statute control the removal. In reply, Defendants alleged that the amended statute should not apply retroactively.

### DISCUSSION

As of January 9, 1992, the date the RTC was appointed receiver, 12 U.S.C.S. § 1441a(*l*)(3) states:

> The Corporation [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—
>
> (A) not later than 90 days after the date the Corporation is substituted as a party.

The statute is silent as to what constitutes substitution for purposes of the 90 days removal period. However, an Eleventh Circuit panel indicated that "it certainly appears that, consistent with *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 964 (11th Cir.1989), the time for removal might well begin to run from the day on which the government corporation is appointed." *Jackson v. American Sav. Mortg. Corp.*, 924 F.2d 195, 198 (11th Cir.1991). Thus, if unamended § 1441a(*l*)(3) applies, removal may be untimely.

In December 1991, Congress enacted the Resolution Trust Corporation Refinancing, Restructuring and Improvement Act of 1991 ("RTCRRIA"), P.L. 102–233, 105 Stat. 1761 which became effective on February 1, 1992. RTCRRIA amended 12 U.S.C.S. § 1441a(*l*) by adding a new section, Section 1441a(*l*)(3)(B), which provides that the RTC:

> shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appoint-

---

1. Neither the defendants nor the State courts knew of the OTS action.

2. The 1989 version.

ing the Corporation as conservator or receiver for that party of the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party.

As already stated, the action was in the Florida Court system when § 1441a(*l*)(3)(B) was enacted. The RTC filed a notice of substitution in the State court on April 15, 1992,[3] and served a notice of removal to this Court on April 20, 1992.[4] Thus, the Court must decide whether the amendment in RTCRRIA is controlling. The answer must be yes.

As "[t]he power to remove is evaluated at the time of removal," *Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991), the Court must evaluate whether the RTC had the power to remove the case on April 20, 1992, the date the RTC filed the notice of removal. The Court finds that the RTC had the power to remove, which power was conferred upon the RTC by RTCRRIA and codified at 12 U.S.C.S. § 1441a(*l*)(B)(3). Section 1441a(*l*)(3)(B) was effective at the time the RTC filed its notice of removal; hence, it controls.

Notwithstanding the Courts decision above, the Court will address the issue of retroactive application of congressional enactments raised by the parties. In defense of Plaintiff's call for retroactive application, Defendants alleged that the amended section should apply only prospectively.

There are two lines of precedent dealing with the retroactive application of congressional enactments. The Supreme Court in *Bradley v. School Board of Richmond*, 416 U.S. 696, 711–14, 94 S.Ct. 2006, 2016–17, 40 L.Ed.2d 476 (1974), held that "a court is to apply the law in effect at the time it renders its decision, unless doing so will result in manifest injustice or there is a statutory direction or legislative history to the contrary." In *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court contradicted its decision in *Bradley* and held that: "Retroactivity is

not favored by law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless the language requires this result."

The Supreme Court has yet to resolved the conflicting viewpoints on retroactivity; however, various Eleventh Circuit panels have relied upon the *Bradley* analysis to determine retroactive application of statutes. *See Federal Deposit Ins. Corp. v. 232, Inc.*, 920 F.2d 815, 818 n. 4 (11th Cir.1991). In *United States v. Peppertree Apartments*, 942 F.2d 1555, 1561 n. 3 (11th Cir.1991), an Eleventh Circuit panel emphasized its reliance on *Bradley*, stating: "Thus, unless otherwise directed by the United States Supreme Court or the Eleventh Circuit *en banc*, we are bound by precedent to apply the *Bradley* analysis." But, a different panel in *Write v. Director, FEMA*, 913 F.2d 1566 (11th Cir.1990) noted that: "the *Bradley* approach potentially represented a 'dramatic shift' in the law of retroactivity, essentially creating a presumption of retroactive application of a new law to pending cases." *Id.* at 1573. However, the court found that "where a statutory change interferes with mature or vested rights, the *Bradley* analysis coincides with the principle of prospective statutory application—a 'retrospective operation will not be given to a statute which interferes with antecedent rights ... unless such be the 'unequivocal and inflexible import of the terms, and manifest intention of the legislature.'" *Id.* (*quoting Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964)). The *Write* court refused to discard *Bradley*, stating: "We see no need to reject the application of *Bradley* outright, since, as mentioned, *Bradley* analysis here also mandates prospective application."

Defendants alleged that regardless whether the statute is given retroactive or prospective application, Section 1441a(*l*)(3)(B) could not "erase" substitution of the RTC because the RTC was substituted as a party on January 9, 1992,

---

3. Ninety seven days after it was appointed receiver for Hansen.

4. 102 days after it was appointed receiver for Hansen.

the date RTC was appointed as receiver of Hansen; and that RTC's substitution was a *fait accompli,* and no application of the amended statute can make that substitution simply "disappear." *See* Appellants' Motion For Remand at p. 11. The Court disagrees. The unamended statute was silent as to what constituted substitution of the RTC for purposes of removal. Therefore, the court, applying a fairness notion, plugged the statutory void. *See Jackson v. American Sav. Mort. Corp., supra,* 924 F.2d at 198. But, Congress rejected the courts fairness notion by enacting Title 12 U.S.C.S. § 1441a(*l*)(3)(B). Also, the "date of substitution," as defined by the court, applied only to removal pursuant to unamended § 1441a(*l*)(3). Thus, in the absence of a notice of removal, the *Jackson* court defined "substitution" is not implicated. In other words, a notice of removal must precede the determination of when the RTC was substituted.[5] The Court reiterate that "the power to remove is evaluated at the time of removal," *Federal Sav. & Loan Ins. Corp. v. Griffin, supra,* 935 F.2d at 696, not before. Therefore, the RTC's substitution was not a *fait accompli* on January 9, 1992, as Defendants alleged. The old statute was amended prior to the notice of removal. The amended statute defined when substitution of the RTC occurred. And, the statute was in effect at the time of removal. Therefore, given only a prospective application as Defendants called for, the Court finds that amended § 1441a(*l*)(3)(B) controls.

A *Bradley* analysis would reach the same conclusion because retroactive application of the amended statute would not work a manifest injustice on Defendants. *Bradley* calls for a three-part test to determine manifest injustice. Those factors are: the nature and identify of the parties; the nature of their rights; and the nature of the impact of the change in law upon those rights. *See Bradley,* 416 U.S. at 696, 94 S.Ct. at 2006. First, this is not a purely private dispute; it concerns government's policy vis-a-vis the expeditious closing of insolvent thrifts. Second, removal is a procedural matter as only forum is affected. And third, Defendants' vested rights will not be affected if the statute is applied retroactively. The Court will address the issue of whether or not a new trial, in the U.S. District Court, is required at a subsequent time, after the pleading by the parties. Therefore, the Court finds that the amended statute can be applied retroactively in this matter. Thus, regardless whether a prospective or retroactive approach is used, this Court finds that § 1441a(*l*)(3)(B) is applicable, and that the removal is valid.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED AND ADJUDGED that Defendants' Motion to Remand be, and the same is hereby DENIED.

DONE AND ORDERED.

---

5. For example, one must count backwards from the date the notice of removal is filed to determine whether the RTC filed the notice of removal within 90 days from substitution—the date the RTC is appointed receiver or conservator.