**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for BancTexas Dallas, N.A., Defendant–Appellant–Cross–Appellee,**

v.

**LETTERMAN BROTHERS, Defendants–Appellants,**

v.

**Stephen R. DeSENA, et al., Plaintiffs–Appellees–Cross–Appellants.**

**Nos. 91–15131, 91–15263 and 91–15601.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1992.

Decided Dec. 8, 1992.

Diane Gibson, Graham & James, San Francisco, Cal., for plaintiffs-appellees-cross-appellants De Sena.

Bryce L. Letterman, pro se.

David W. Slaby, Fenwick & West, Palo Alto, Cal., for defendant-appellant-cross-appellee FDIC as receiver, for BancTexas.

_____

* Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sit-

Before: FEINBERG,* GOODWIN, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This litigation comes to us in a very unusual posture. Plaintiffs Stephen R. DeSena and other investors in oil and gas limited partnerships brought this action in the Superior Court for the State of California. They alleged a series of fraud and securities violations against defendants BancTexas Dallas ("BTD"), which helped to finance the oil and gas ventures, and Letterman Brothers, a general partnership responsible for bringing together the investors. After the case proceeded to judgment and an appeal to the California State Court of Appeal was perfected, the bank went into receivership. The FDIC became a party to the proceeding pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), which delegated to the FDIC the responsibilities of the FSLIC. See 12 U.S.C. § 1811. The FDIC then sought to remove the case pursuant to FIRREA, which provides that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a state court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B).

When the case arrived in federal district court, the plaintiffs moved to remand on the ground that the district court, which is the federal trial court, lacked jurisdiction of a case that was no longer pending in the state trial court. The district court denied the motion. The district court then stated orally that it was adopting the state court judgment as its own, but the district court never issued its own judgment. Nor was a federal district court judgment ever entered on the docket as required by Federal Rules of Civil Procedure 52 and 58. The FDIC then filed a Rule 60(b) motion asking the district court to relieve the FDIC of the

ting by designation.

effects of the state court judgment. The district court declined, holding that it lacked jurisdiction because the state court judgment already had been appealed to the state court of appeals. Thus, according to the district court, after removal to the district court, this court should review the state court judgment. The FDIC and Letterman Brothers then filed notices of appeal seeking in effect to appeal both the state court judgment and the district court's denial of the Rule 60(b) motion. Without conceding jurisdiction of the district court over the matter, the plaintiffs filed a cross-appeal from that part of the state court judgment in favor of BTD.

■ The FDIC now asks this court to review the state court judgment as if it were a judgment of the district court. There is, however, a serious question as to whether removal to the district court was proper. Although § 1819(b)(2)(B) provides that removal may occur any time within 90 days after the FDIC becomes a party to the case, the statute also clearly limits removal to the district court. The statute thus may imply that the case must still be pending in the state trial court, and not the appellate court, at the time of removal.

■ Issues of district court jurisdiction have recently been considered by other circuits. *See In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir.1992) (en banc) (reversing district court remand order and holding removal proper); *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989) (vacating remand and holding removal permissible because "[h]ad Congress intended to limit the removal power of the FSLIC to suits pending before a state trial court, it could have explicitly stated as much."). In this case, however, we cannot address such questions at this time because there is no appeal before us from an appealable judgment or order. Despite the fact that the district court permitted removal, it did not enter a judgment that could be appealed pursuant to 28 U.S.C. § 1291 or reviewed under Rule 60(b). Because the provisions of 28 U.S.C. § 1291 do not allow an appeal from a state court judgment, there is simply nothing for us to

review at this time. We leave all jurisdictional issues concerning removal under 12 U.S.C. § 1819(b)(2)(B) to be addressed by the district court in the first instance. Those issues have not been briefed in this appeal and are not properly before this court.

We therefore DISMISS this appeal for lack of an appealable judgment. Any further appeals to this court in this matter will be referred to this panel.