**SOUTHLAND FARMS, INC.,**
Plaintiff–Appellant,

v.

**CIBA–GEIGY CORPORATION,**
Defendant–Appellee.

No. 89–7730.

United States Court of Appeals,
Eleventh Circuit.

Oct. 10, 1990.

Bayless E. Biles, and Taylor D. Wilkins, Jr., Wilkins, Bankester, Biles & Wynne, Bay Minette, Ala., for plaintiff-appellant.

William W. Watts, III, W. Dewitt Reams and Victor T. Hudson, Reams, Vollmer, Philips, Killion, Brooks & Schell, Mobile, Ala., for defendant-appellee.

Before HATCHETT, Circuit Judge, RONEY * and FAIRCHILD **, Senior Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:

 It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Alabama law which is determinative of the cause and for which there appears to be no clear controlling precedent from the Alabama Supreme Court. Therefore, the United States Court of Appeals for the Elev-

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

enth Circuit certifies the following question of law based on the facts recited below to the Supreme Court of Alabama for instructions.***

## FACTS

Southland Farms, Inc. is an Alabama corporation engaged in growing and marketing potatoes. Bobby Faust is the manager of Southland Farms and he and his wife own all Southland stock. Faust is an experienced businessman/farmer and has engaged in potato farming for over thirty years.

Ciba–Geigy Corporation manufactures and distributes agricultural chemical products. Riverside/Terra Corporation distributes Ciba–Geigy products in Alabama. In 1987, Southland purchased over $100,000 of Dual and Ridomil, two Ciba–Geigy products, from Riverside. Southland first used Ridomil in 1986 and had used Dual during the preceding five to six years.

Ciba–Geigy's products are labeled with instructions for usage, a limitation of remedy, and an exclusion of consequential damages. The label reads:

DIRECTIONS FOR USE AND CONDITIONS OF SALE AND WARRANTY. IMPORTANT: Read the entire *Directions for Use* and the *Conditions of Sale and Warranty* before using this product.

### CONDITIONS OF SALE AND WARRANTY

The *Directions for Use* of this product reflect the opinion of experts based on field use and tests. The directions are believed to be reliable and should be followed carefully. However, it is impossible to eliminate all risks inherently associated with use of this product. Crop injury, ineffectiveness, or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or the manner of use or application all of which are beyond the control of CIBA–GEIGY or the Seller. All such risks shall be assumed by the Buyer. CIBA–GEIGY warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the *Directions for Use* subject to the inherent risks referred to above. *CIBA–GEIGY makes no other express or implied warranty of fitness or merchantability or any other express or implied warranty. In no case shall CIBA–GEIGY or the Seller be liable for consequential, special, or indirect damages resulting from the use or handling of this prod-*

*** Although the parties have not questioned jurisdiction, we are obligated to review jurisdiction before proceeding to the merits of the appeal. *Robinson v. Tanner*, 798 F.2d 1378 (11th Cir. 1986). After the ruling by the court that plaintiff was precluded from claiming consequential damages, the parties stated to the court that the plaintiff's lawyers felt that the time and expense of trial were not justified on a claim for compensatory damages alone. Counsel asked the court to enter an order under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits district courts to enter final judgments on fewer than all the claims in litigation, if the claims are separate and distinct and the order completely disposes of such claims. *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987); *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365 (11th Cir.1983). Rule 54(b) would not normally allow consideration of a request for consequential damages as a separate and distinct claim from a breach of warranty claim. *See Huie v. Bowen*, 788 F.2d 698 (11th Cir.1986).

It would appear that the parties might properly have proceeded under 28 U.S.C.A. § 1292(b), which permits a district court to certify for immediate appeal orders which involve a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal will materially advance the ultimate termination of the litigation. This court then would have the discretion to permit an appeal upon proper application.

It appears, however, this case should be treated on this appeal as a final decision under 28 U.S.C.A. § 1291. On the same day as the district court entered the AGREED JUDGMENT reciting the Rule 54(b) presentation, the court entered a FINAL JUDGMENT reciting that

Pursuant to the attached agreement, judgment is hereby entered for the defendant Ciba–Geigy Corporation and against the plaintiff Southland Farms, Inc., each party to bear its own costs.

This Final Judgment was consented to by the parties. If affirmed, the district court will not take further action. Although unusual, we have decided that we have jurisdiction to rule on this appeal.

**222**

*uct.* CIBA–GEIGY and the Seller offer this product, and the Buyer and user accept it, subject to the foregoing *Conditions of Sale and Warranty,* which may be varied only by agreement in writing signed by a duly authorized representative of CIBA–GEIGY.

Southland purchased the products to prevent nut grass and potato rot. After using the products on the potato fields, Southland experienced problems with nut grass and rot which damaged a portion of its 1987 crop.

## PROCEDURAL HISTORY

Southland sued Ciba–Geigy in the United States District Court alleging breach of an express warranty and seeking consequential damages including cost of the field preparation, fertilizer, seed potatoes, crop dusting, labor, and lost profits. Ciba–Geigy moved for partial summary judgment contending that the disclaimer label on the product precluded Southland Farms from recovering consequential damages. The district court adopted a United States Magistrate's recommendation and granted Ciba–Geigy's motion for partial summary judgment. This appeal followed.

■ Question certified to the Alabama Supreme Court:

Whether the disclaimer on Ciba–Geigy's product is unconscionable and precludes the recovery of consequential damages.

The particular phrasing of the above-certified question is intended as a guide and not meant to restrict the Supreme Court's consideration of the issues or the manner in which it gives its answer. The clerk of this court is directed to transmit the certificate as well as the briefs and record filed with the court to the Supreme Court of Alabama and simultaneously transmit copies of the certificate to the attorneys for the parties.

QUESTION CERTIFIED.