924 F.2d 195
 59 USLW 2517, 19 Fed.R.Serv.3d 237
 Violet JACKSON, Plaintiff-Appellant,
v.
AMERICAN SAVINGS MORTGAGE CORPORATION and The Resolution
Trust Corporation, successor to the Federal Savings and Loan
Insurance Corporation, as conservator of American Savings
and Loan Association of Brazoria County, by the Federal
Deposit Insurance Corporation, as Manager for the
Conservator, Defendants-Appellees.
E.F. Hutton Mortgage Corporation, Defendant.
 No. 89-7529.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 19, 1991.
 
 Myron K. Allenstein, Allenstein & Hart, Gadsden, Ala., for plaintiff-appellant.
 Richard J. Osterman, Jr., Federal Deposit Ins. Corp. Washington, D.C., for Resolution Trust Corp.
 Thomas H. Brown, Thomas H. Brown, P.C., Birmingham, Ala., for American Sav. Mortg. Corp. and Resolution Trust Corp.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HATCHETT, Circuit Judge, HILL* and FAIRCHILD**, Senior Circuit Judges.
 HILL, Senior Circuit Judge:
 
 
 1
 This appeal comes to us in a peculiar procedural posture. Appellant debtor asks us to review an Alabama state trial court's grant of summary judgment holding that one appellee is a holder in due course of a note and therefore protected from a claim of unconscionability by the debtor. The summary judgment was granted by the Alabama state trial court before the case was removed to federal court. Insofar as the record discloses, no federal district judge has considered the issues in the appeal at all. Although the parties have failed to address the issues of whether we can, or should, review this matter, these are the issues that we will address.
 
 I. FACTUAL HISTORY
 
 2
 Because of our disposition of this case, our discussion of the factual history will be limited. Appellant, Violet Jackson, a 76 year-old widow with an eighth-grade education, saw an advertisement on TV for a home equity loan offered by the First American Mortgage Company ("FAMCO") in Birmingham, Alabama. After telephoning FAMCO about the loan, FAMCO sent two people to appellant's home to help her fill out the loan application and later picked her up and took her to a lawyer's office to sign the paperwork for the loan on May 3, 1985. Appellant alleges she received little explanation of the documents she signed. The loan was for $17,475.00 at 18% interest. Although appellant claims she was not told of an origination fee, she signed a promissory note containing an origination fee of $4,893.00, to be paid from the $17,475.00 loan proceeds. This fee made the actual A.P.R. on the loan 26.29%. After applying $8,633.00 of the loan proceeds to pay off an existing 18% first mortgage, appellant only received $3,061.00 in actual cash.
 
 
 3
 The American Savings and Loan Association of Brazoria County, Texas, ("ASLA") purchased plaintiff's note and mortgage in September, 1985.
 
 II. PROCEDURAL HISTORY
 
 4
 The procedural history of this case is fraught with several peculiar twists and turns. Appellant filed suit on May 30, 1986, against American Savings Mortgage Corporation ("ASMC"), a subsidiary of ASLA, seeking a declaratory judgment from an Alabama state trial court that the terms and provisions of her loan were unconscionable under Ala.Code Sec. 5-19-4(c) (1975). Appellant later added ASLA as a defendant. A trial on the unconscionability claim against ASLA and ASMC commenced on July 18, 1988. Midway through the trial, it was continued for an undisclosed reason. The trial never resumed. On October 31, 1988, ASLA and ASMC filed a motion for summary judgment on the ground that ASLA was a holder in due course of appellant's loan. Appellant, on the other hand, shortly thereafter filed a summary judgment motion asserting that the loan was unconscionable as a matter of law. On March 8, 1989, the Federal Savings & Loan Insurance Corporation ("FSLIC") became conservator of ASLA,[1] and on March 20 the Alabama trial court granted appellees' motion, concluding that ASLA was a holder in due course as a matter of law. The court also denied appellant's motion. Appellant subsequently filed a Motion for New Trial on March 30, which the trial court denied on June 2.
 
 
 5
 Upon being notified that FSLIC had become conservator and that counsel for ASLA also represented FSLIC, the state trial court issued an order on June 15, 1989, adding FSLIC as a party defendant. On June 21, 1989, appellant appealed to the Alabama Supreme Court and FSLIC removed the action to federal district court. Appellant filed motions to remand with the district court on June 26 and July 7, 1989, and the district court denied these motions on July 28 and July 26, respectively. Appellant also filed a motion to remand the case to state court with the Eleventh Circuit, which a panel of this court denied. Appellant subsequently filed the instant appeal asking us to review the grant of summary judgment.
 
 III. DISCUSSION
 A. Procedure for Timely Removal
 
 6
 On October 18, 1989, a panel of this court denied appellant's motion to remand to state court in a two sentence opinion. Although the panel declared that FSLIC's removal petition was timely, Jackson v. American Sav. Mortgage Corp., No. 89-7529 (11th Cir. Oct. 18, 1989), it is unclear why the court found the petition timely.[2] Because timely removal is not a jurisdictional matter, Loftin v. Rush, 767 F.2d 800, 805 (11th Cir.1985),[3] and because appellant does not in this appeal take exception to the panel's denial of remand, we do not here decide whether FSLIC timely filed its removal petition.
 
 
 7
 We do, however, caution litigants to be aware of exactly when FSLIC (or now, RTC) becomes a "party" to a lawsuit for timely removal purposes. At the time the government corporation is appointed conservator (or receiver, if the conservatorship stage is bypassed), the government corporation has the ability to begin assessing the litigation in which the troubled bank is embroiled in order to determine whether removal of cases would be desirable. It would not put a great burden on the government corporation to contact a bank's legal department or retained lawyers shortly after appointment in order to assess pending litigation and make a decision on removal.[4] Where the government's attorney is the bank's attorney, as here, this process would be especially easy. If the date that the government corporation becomes a "party" for removal purposes were the date the corporation actually intervenes in a case or the date another party obtains an order making it a party, the window for removal might be extended indefinitely. The government could let a case proceed in state court as long as it appeared the result would be favorable, and then intervene and remove to federal court should the case take an unfavorable turn. Such a "wait and see" ability gives the government corporation greater power than necessary to carry out its duties. Although we do not decide, it certainly appears that, consistent with In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d 963, 964 (11th Cir.1989), the time for removal might well begin to run from the day on which the government corporation is appointed. See also North Miss. Sav. & Loan Ass'n v. Hudspeth, 756 F.2d 1096, 1100 (5th Cir.1985) (finding that even though FSLIC had not been joined formally as a party, it was a party in the contemplation of the removal statute, 12 U.S.C. Sec. 1730(k)(1)(B)), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). That view would have made FSLIC a "party" on March 8, 1989.
 
 
 8
 B. We do not Review State Court Judgments Directly
 
 
 9
 Appellant asks us to reverse the holding--by the state trial court--that ASLA is a holder in due course of appellant's loan, and to find that the state trial court had, prior to removal, erred in denying appellant's motion for summary judgment. Although this circuit has addressed the specific question whether, where FSLIC (or RTC) is a party, a state trial court decision should be appealed to a federal court of appeals without a district judge's prior consideration, it has done so in dicta.[5] The answer to this question is instrumental to the resolution of the case before us.
 
 
 10
 If a state court judgment is deemed to have been entered by a federal district court and the district court has no opportunity to address the issues before review by this court, we are, essentially, exercising appellate jurisdiction over state court proceedings. We are, however, not a state appellate court. The role of a federal court of appeals is to review the actions and judgment of a federal district court.[6] Furthermore, the legal fiction that the state court judgment is a federal district court judgment withdraws from a district court its authority. After removal, state court proceedings are treated as those of the district court, Savell v. Southern Ry., 93 F.2d 377, 379 (5th Cir.1937), and the district court naturally is able to reexamine its own proceedings.[7] As we recognized in regard to a district court's authority to rule on a claim despite the state court's summary judgment, "a state court judgment in a case removed to federal court does not foreclose subsequent proceedings in the case in federal court." Maseda v. Honda Motor Co., 861 F.2d 1248, 1252 (11th Cir.1988) (citations omitted). "[A] federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." Id.[8]
 
 
 11
 In accordance with our role and the role of the district court, when a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to this court, it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment.[9] Should the district judge refuse to modify or vacate, then the fiction that the state court judge's acts were the acts of the district judge will have been converted into reality. After the district judge enters an order refusing to modify or vacate or enters a new order or judgment, a party may appeal to this court.[10] This procedure assures that alleged errors brought before this circuit for review are in fact as well as in theory the considered products of a district judge. If the district judge in the instant case refuses to modify or vacate, the appeal will appropriately assert as district court error the grant of summary judgment to appellees. It is only then that we will review the merits of that grant.
 
 
 12
 This procedure prevents this court from presuming to be that which it is not--a state appellate court. Further, the procedure preserves the district court's authority. We thus REMAND this case to the district court to examine the grant of summary judgment as if appellant had timely filed a Fed.R.Civ.P. 59 motion and that motion were pending.[11]
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Thomas E. Fairchild, Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 On September 27, 1990, the Office of Thrift Supervision placed ASLA in receivership, appointing the Resolution Trust Corporation ("RTC") as receiver. This appointment does not affect the issues in this case
 
 
 [2]
 In its two-sentence opinion, the panel simply stated that the removal petition was timely and that the motion was denied. Jackson v. American Sav. Mortgage Corp., No. 89-7529 (11th Cir. Oct. 18, 1989). The panel did not elaborate, other than with a "see, e.g.," cite to a footnote in a First Circuit case: FDIC v. Otero, 598 F.2d 627, 633 n. 7 (1st Cir.1979)
 
 
 [3]
 Had timely removal been a jurisdictional matter, we would have been obligated to examine our jurisdiction sua sponte, despite the motions panel's decision. See Western Elec. Co. v. Milgo Elec. Corp., 568 F.2d 1203, 1206 n. 6 (5th Cir.1978), cert. denied, 439 U.S. 895, 99 S.Ct. 255, 58 L.Ed.2d 241 (1978); Southland Farms, Inc. v. Ciba-Geigy Corp., 914 F.2d 220, 221 * * * (11th Cir.1990) (per curiam)
 
 
 [4]
 Prior to enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. 101-73, 103 Stat. 183 (1989) ("FIRREA"), petitions for removal had to be filed within thirty days of the government corporation becoming a party. 12 U.S.C. Sec. 1730(k)(1) (repealed 1989); 28 U.S.C. Sec. 1446(b). Thirty days is ample time for the government to make a decision, but now under FIRREA the government has even more time. FIRREA section 501(a), sec. 21A(l )(3)(A) provides a ninety day removal period
 
 
 [5]
 This circuit addressed this question in dicta in In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d 963 (11th Cir.1989). In that case, the plaintiff brought suit in state court against a savings and loan. After judgment in the trial court, the FSLIC was appointed conservator of the institution and removed the case to federal district court. The district court remanded, and the FSLIC petitioned this court for a writ of mandamus to vacate the district court's order remanding the action. Id. at 964-65. The court granted mandamus and vacated the remand. Id. at 966. The court's comments regarding treating the state court proceedings as if they had taken place in the district court were unnecessary to the disposition of the issue before the court. The court in Savers merely appeared to indicate that the parties in that case seemed to agree on taking an appeal directly to the court of appeals, and that the court would entertain the appeal in light of the lack of an objection
 
 
 [6]
 See 28 U.S.C. Sec. 1291 (giving jurisdiction to federal courts of appeals over "appeals from all final decisions of the district courts of the United States....")
 
 
 [7]
 A district judge can do so, for example, vis-a-vis his or her own orders, etc. as well as vis-a-vis orders entered by another judge of that court no longer sitting on the case due to transfer of the case on account of death, disability, disqualification or convenience of the court
 
 
 [8]
 We need not here address a district court's authority to do so where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment. In such a situation, removal itself may be improper. See, e.g., Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir.1988) (refusing to permit removal after defendant had exhausted his state court remedies); Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir.1969) (finding that because appellant's motion to reopen judgment had been dismissed by state supreme court, appellants had no case to remove to federal court), cert. denied, 396 U.S. 1, 90 S.Ct. 24, 24 L.Ed.2d 3 (1969)
 
 
 [9]
 The Federal Rules of Civil Procedure govern procedure in federal court after removal. Fed.R.Civ.P. 81(c). The district judge should give a dissatisfied party ten days from the removal date to file the motion. See Fed.R.Civ.P. 59(b), (e) (requiring that motion for new trial or motion to alter or amend the judgment be filed within ten days after judgment is entered). But cf. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974) (Granny Goose laid down the rule that:
 An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.
 (emphasis supplied) Removal thus cannot extend the duration of a temporary restraining order issued by a state court prior to removal. We view Granny Goose as dealing with substantive issues and not merely time limitations on procedure. Hence, even if state procedural rules contain a Rule 59-type motion (as Alabama rules do in Ala.R.Civ.P. 59) and removal occurs during the running of the time for such a motion or after the time for such a motion has run, a party would still have ten days after removal to file a Rule 59 motion in federal district court.)
 
 
 [10]
 The filing of the motion to modify or vacate should toll the appeal period, and the entry of the district court's order would actuate the appeal period. Fed.R.Civ.P. 59; Fed.R.App.P. 4(a); Stallworth v. Shuler, 758 F.2d 1409, 1410 (11th Cir.1985)
 
 
 [11]
 Appellant filed a Fed.R.Civ.P. 59-type motion in the state trial court after the grant of summary judgment (see Part II of this opinion). As our analysis in this section of the opinion indicates, the state trial court's denial of that motion of course has no effect on the district court's consideration of the Fed.R.Civ.P. 59 motion