**SUMMERCHASE CONDOMINIUM OWNERS ASSN., INC.,**

v.

**RESOLUTION TRUST CORPORATION,
Receiver of Altus Bank.**

**Civ. A. No. 91–0800–B–C.**

United States District Court,
S.D. Alabama, S.D.

Jan. 26, 1993.

Julian B. Brackin, Foley, AL and Samuel G. McKerall, Gulf Shores, AL, for plaintiff.

James G. Curenton and J. Don Foster, Daphne, AL, for defendant.

ORDER

BUTLER, District Judge.

This matter is before the court on the motion of defendant Resolution Trust Corporation ("RTC"), to vacate the judgment of the Circuit Court of Baldwin County or in the alternative for a new trial. The parties have briefed their positions with respect to the judgment. The plaintiff originally sought to have the judgment vacated and the amount of damages increased, but now contends that the action should be remanded because the RTC did not file a timely motion under *Fed.R.Civ.P.* 59.

*Procedural Background*

This action was originally filed in the Circuit Court of Baldwin County by Summerchase Condominium Owners Association. The complaint sought damages for unpaid assessments on units transferred from the developer, SQM, to SPI, a subsidiary of Altus Bank. After a jury trial, the court entered judgment in favor of the plaintiff and against Altus Bank,[1] in the amount of $45,789.79. After the trial judge denied defendant's post-trial motions, the RTC was substituted as a defendant for Altus Bank on June 25, 1991. On June 26, 1991, defendants appealed to the Supreme Court of Alabama. That same day, the action was removed to the United States District Court for the District of Columbia pursuant to 12 *U.S.C.* § 1819(b)(2)(B). The District of Columbia court then transferred the action to this court on September 6, 1991. Finally, on October 3, 1991, the RTC filed its motion to vacate the judgment of the state court.[2]

---

1. SQM confessed judgment before trial.

2. The RTC did not cite the authority for its motion. The substance of the motion indicates that it was made either under Rule 59 (to alter or amend the judgment or for a new trial) or Rule 50 (for a judgment as a matter of law), although a Rule 50 motion requires that such a motion have previously been made at trial.

*Conclusions of Law*

Plaintiff, relying on *Jackson v. American Sav. Mort. Co.,* 924 F.2d 195 (11th Cir.1991), contends that this action should be remanded to state court because the defendant did not file a Rule 59 motion within 10 days of removal. *Jackson,* the law in this circuit at the time of removal, entertains the legal fiction that a removed action be treated as if it had been in federal court all along. The recourse in federal district court for a party dissatisfied with a state court judgment is, therefore, to file a motion to alter or amend the judgment within 10 days of removal. *Id.* at 199 n. 9. If the judgment were from a federal court, a dissatisfied party could move under Rule 50 as well as Rule 59, if it made a Rule 50 motion at trial. By stating that a Rule 59 motion is the proper method to review a state court judgment, the Court of Appeals implies that a Rule 50 motion is unavailable.[3] In any event, the RTC did file not any post-trial motions within 10 days of removal, nor did it file such a motion within 10 days of the transfer to this court.[4] Accordingly, the motion to vacate the judgment, even if considered as a motion under Rule 59, is due to be denied as untimely.[5]

The *Jackson* requirement that an unsatisfied litigant file a Rule 59 motion within 10 days of removal in order to obtain review of a state court judgment creates a problem. In a case that was tried in federal court, a Rule 59 motion is not necessary to preserve issues for appeal, *see, e.g., Chicago Coll. of Osteopathic Medicine v. George A. Fuller Co.,* 719 F.2d 1335, 1349 n. 24 (7th Cir.1983) (citing *C. Wright & A.*

*Miller, Federal Practice and Procedure* § 2818 (1973)).[6] If a case removed after judgment were treated as one that was tried in federal court, a dissatisfied party would not need to file a Rule 59 motion. By requiring a party dissatisfied with a state court judgment to file a rule 59 motion, however, the Court of Appeals abridges the fiction that the case was in federal court all along to create a new set of rules for cases removed after judgment. Because the district court presumably cannot extend the time limit for filing a Rule 59 motion, it has no authority to reach the merits if no timely Rule 59 motion is filed.

The issue that will confront the Court of Appeals is what effect the failure to file a timely Rule 59 motion will have on a dissatisfied party. On the one hand, the failure to file a timely Rule 59 motion could prevent any federal review of the state court judgment because the Court of Appeals would review only the denial of the Rule 59 motion, which it could affirm because the motion was not timely filed. On the other hand, the notice of appeal filed in state court could preserve the appeal in federal court. *See Matter of Meyerland,* 960 F.2d 512, 520 (5th Cir.1992); *but see Jackson,* 924 F.2d at 199 ("it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment"). In that situation, the Court of Appeals would review the merits of the state court judgment directly, which is precisely the result that *Jackson* attempted to avoid. *See Jackson,* 924 F.2d at 198.[7]

---

**3.** Even if the dissatisfied party fails to make a Rule 59–type motion in state court, it can still file such a motion in federal court after removal. *Jackson,* 924 F.2d at 199 n. 9. It would be odd to require a Rule 50–type motion be made in the state court as a prerequisite to a Rule 50 motion after removal. Applying the logic that state court motions have no preclusive effect on the federal court, *id.* at 199 n. 11, a Rule 50 motion cannot be made after a state court judgment has been entered, because the movant had not previously made a Rule 50 motion that could be renewed after trial.

**4.** The RTC cannot argue that it relied on the law of District of Columbia Circuit because it failed

to comply with the law of the Eleventh Circuit after the case was transferred.

**5.** The 10 day time limit for filing a Rule 59 motion cannot be enlarged by the court. *Leishman v. Associated Wholesale Elec. Co.,* 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714 (1943).

**6.** The Court of Appeals may review a judgment and a denial of a Rule 59 motion simultaneously. *See Pate v. Seaboard R.R.,* 819 F.2d 1074, 1077 (11th Cir.1987).

**7.** Denial of a Rule 59 motion is normally not appealable; appeal is taken from the underlying judgment. *See Pate,* 819 F.2d at 1077 n. 4. Thus, denial of a Rule 59 motion as untimely

For the reasons set forth above, the motion to vacate the judgment or for a new trial is DENIED. Because removal was proper, there is no reason to remand the action to state court. The motion to remand is DENIED. It is so ORDERED.

generally has the same effect on appealability as denial on the merits. The action of the federal court in denying the Rule 59 motion leaves the state court judgment intact, which, in effect, makes it the judgment of the district court. The Court of Appeals could then review this "federal" judgment as it would if the Rule 59 motion were denied on the merits.

The Court of Appeals could also require that the district court relax the Rule 59 time require-ment in this situation. The grounds raised in the Rule 59 motion are generally those that can be raised on appeal. If the federal district court is in effect an intermediate appellate court, the time requirement for filing a Rule 59 motion could be extended upon a showing of cause similar to that required to extend the time for noticing an appeal, *see Fed.R.App.P.* 4(a)(5).