242

RESOLUTION TRUST CORPORATION, as receiver for Hansen Savings Bank, SLA, Plaintiff–Appellee, Cross–Appellant

v.

Pieter BAKKER, Shirley Bakker, Pieter Bakker Marketing, Incorporated, Pieter Bakker Management, Incorporated, Defendants–Appellants, Cross–Appellees.

No. 93–4297.

United States Court of Appeals, Eleventh Circuit.

May 1, 1995.

Jesse C. Jones, Bailey Hunt Jones & Busto, Miami, FL, for appellant.

Phyllis J. Towzey, Carter, Stein, Schaaf & Towzey, St. Petersburg, FL, for appellees.

Before CARNES, Circuit Judge, and DYER and GUY *, Senior Circuit Judges.

CARNES, Circuit Judge:

In *Jackson v. American Savings Mortgage Corp.*, 924 F.2d 195 (11th Cir.1991), this Court laid down procedures to be followed when financial institution receiver cases are removed to federal court after entry of a judgment in state court. In this case we are called upon to reiterate what we said in *Jackson* about the role of district courts in such cases. We must also decide whether to enforce the ten-day rule announced in *Jackson* or to discard it as dictum. We conclude that even if the part of *Jackson* announcing the ten-day rule is dictum, it is a good rule which we make a holding in this case.

## I. BACKGROUND

This appeal arises out of a contract dispute between First Federal Savings and Loan Association and Pieter and Shirley Bakker. The contract involved the Bakkers' management and operation of a resort in Marathon,

Florida owned by subsidiaries of First Federal. In 1985, First Federal filed a claim against the Bakkers in state court for breach of contract and the Bakkers counterclaimed, alleging various torts and breach of contract. After more than six years of proceedings in state court and the entry of several partial summary judgments, the case was tried in 1991 on the claim and the counterclaim for breach of contract. On First Federal's claim, the jury found that the Bakkers were liable for breach of contract and awarded $6,380.73 to First Federal in damages. The jury also found that First Federal was liable under the Bakkers' counterclaim and awarded damages of $930,855.

The state trial court set aside the jury's verdict as to the Bakkers' counterclaim, granting First Federal's motion for judgment on the counterclaim, and alternatively, granting First Federal's motion for a new trial. The Bakkers appealed to the Florida Third District Court of Appeal.

In January 1992, while the state court appeal was pending, the Office of Thrift Supervision declared First Federal insolvent and appointed the Resolution Trust Corporation ("RTC") as receiver.[1] The RTC filed its notice of substitution for First Federal in the state appellate court on April 15, 1992. Congress has provided for federal jurisdiction for any civil action, suit, or proceeding to which the RTC is a party, 12 U.S.C.A. § 1441a(*l*)(1) (Supp.1995), and has authorized the RTC to remove any action, suit, or proceeding from state court to federal district court, 12 U.S.C.A. § 1441a(*l*)(3) (Supp. 1995). The RTC exercised that authority and filed notice of removal of the case to federal court the same day it filed the notice of substitution, April 15, 1992. The Bakkers filed a motion to remand the case back to state court on May 20, 1992, which was denied by the district court on September 15, 1992. On September 29, 1992, more than five months after the case had been removed to federal court, the Bakkers filed a Fed. R.Civ.P. 59 motion asking the federal district

---

* Honorable Ralph B. Guy, Jr., Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. First Federal previously had merged with another institution and was renamed Hansen Savings Bank, SLA.

court to vacate the judgment of the state court. The RTC opposed the motion, arguing in part that the Rule 59 motion was untimely.

The district court held that the Bakkers' Rule 59 motion was timely filed, but expressly refused to consider the merits of that motion. Instead, the court summarily denied the motion to vacate and directed the Bakkers to appeal to this Court within ten days. The RTC filed a motion asking the district court to reconsider its holding that the Bakkers' Rule 59 motion was timely, arguing that that holding was inconsistent with *Jackson v. American Savings Mortgage Corp.*, 924 F.2d 195, 199 n. 9 (11th Cir.1991). The district court declined to reconsider. The Bakkers appeal, and the RTC cross-appeals from the district court's order denying its motion for reconsideration.

## II. DISCUSSION

### A. THE *JACKSON* PROCEDURE

In *Jackson,* this Court set forth the procedure to be followed in financial institution receiver cases that are removed to federal court after there has been a judgment entered in state court. 924 F.2d at 198. We explained that the job of a federal court of appeals is to review the actions of federal district courts, not to exercise appellate jurisdiction over state court proceedings. In order to ensure that this Court does not "presume" to sit as a state appellate court, we established the following procedure:

> [W]hen a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to this court, it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment. [FN 9] Should the district judge refuse to modify or vacate, then the fiction that the state court judge's acts were the acts of the district judge will have been converted into reality. After the district judge enters an order refusing to modify or vacate or enters a new order or judgment, a party may appeal to this court. This procedure

assures that alleged errors brought before this circuit for review are in fact as well as in theory the considered products of a district judge. If the district judge in the instant case refuses to modify or vacate, the appeal will appropriately assert as *district court* error the grant of summary judgment to appellees. It is only then that we will review the merits of that grant.

*Id.* at 199 (footnotes omitted) (emphasis in original). In footnote nine, we stated that, pursuant to Rule 59(b) and (e): "The district judge should give a dissatisfied party ten days from the removal date to file the motion." *Id.* at 199 n. 9.

Thus, *Jackson* mandates that before this Court will review a state court order or judgment in a case that has been removed to federal court, the party seeking appeal must first file a Rule 59 motion to modify or vacate the judgment in the district court. Moreover, the motion must be filed within ten days from the date of removal of the case to federal court. If this procedure is complied with, the district court is to consider and decide all issues raised in the Rule 59 motion, and the dissatisfied party may then appeal the district court's decision to this Court. We will review the district court's decision to grant or deny the Rule 59 motion, not the underlying state court judgment *per se.*

### B. THE DISTRICT COURT'S REFUSAL TO DECIDE THE ISSUES RAISED IN THE RULE 59 MOTION

Although it concluded, erroneously as we will discuss later, that the Bakkers' Rule 59 motion to vacate the judgment of the state court was timely filed, the district court refused to decide the issues raised in that motion. Instead, the court summarily denied the motion without regard to the issues raised, explaining that it "is not an appellate court and is unwilling to act as such." The district court thereby failed to carry out the responsibility assigned to it in the *Jackson* decision. We held in that case that district courts are to review the substance of the issues raised in any timely Rule 59 motion. That is necessary, we explained, in order to ensure that "alleged errors brought before this circuit for review *are in fact* as well as in

theory *the considered products of a district judge.*" 924 F.2d at 199 (emphasis added). The district court simply bypassed that stage, depriving both this Court and the parties of the benefits of an initial adjudication of the merits of the motion to vacate.

Because the RTC can raise new defenses after it is substituted as a party, it is helpful and efficient to have the district court examine those issues first before this Court is presented with them. For example, in this appeal, the RTC raises for the first time a defense based on the *D'Oench* doctrine. *See D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); *RTC v. Dunmar Corp.*, 43 F.3d 587 (11th Cir. 1995); *see also Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1512–13 (11th Cir.1991) (holding that the RTC can raise this defense for the first time on appeal when it had no opportunity to raise it at trial), *cert. denied*, 504 U.S. 908, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992). Because of our disposition of this case, we do not reach the merits of the *D'Oench* defense. However, in cases in which the motion to vacate is timely filed, it makes much more sense to have the district court render an initial determination of the viability of the defense instead of having the issue presented for the first time in an appellate court. For one thing, the district court can make any necessary factual findings and develop a record for this Court to review.

One of the reasons the district court gave for refusing to decide the merits of the motion was that "a retrial ... would do violence to the well known doctrine of judicial economy and efficiency." However, *Jackson* does not require the district court to retry a case merely because it has been removed after a state court judgment was entered, any more than a district court is required to retry a federally tried case merely because a Rule 59 motion has been filed. A federal district court should evaluate and resolve a Rule 59 motion in these circumstances just as it would a motion to vacate a judgment originating in federal court, with the understanding that some issues—such as a *D'Oench* defense—may not have arisen until after the state court judgment was entered. Resolu-

tion of such issues may require some evidentiary development and factfinding.

When the district court has failed to consider and decide the issues raised in a timely Rule 59 motion, as required by *Jackson*, we will remand with instructions that it do so. Further proceedings on remand are unnecessary in this case, however, because the Bakkers' Rule 59 motion was not timely filed, for the reasons explained below.

## C. THE UNTIMELINESS OF THE RULE 59 MOTION

■ Footnote nine of the *Jackson* opinion sets forth the ten-day rule:

> The district judge should give a dissatisfied party ten days from the removal date to file the motion. *See* Fed.R.Civ.P. 59(b), (e) (requiring that motion for new trial or motion to alter or amend the judgment be filed within ten days after judgment is entered.)

924 F.2d at 199 n. 9. The Bakkers' Rule 59 motion was not filed until more than five months after the removal date.

The parties in this case disagree about whether the ten-day rule set out in footnote nine of *Jackson* should be considered to be a holding of that case or dictum. At least two other courts have interpreted the footnote as a holding establishing in this circuit a mandatory deadline for filing the motion to vacate. *See RTC v. Allen*, 16 F.3d 568, 572–73 (4th Cir.1994); *Summerchase Condominium Owners Ass'n v. RTC*, 145 F.R.D. 583, 583 (S.D.Ala.1993). However, because the ten-day rule was intended to apply prospectively only, the actual result in *Jackson* is inconsistent with the rule. We need not decide whether the part of *Jackson* setting out the ten-day rule should be characterized as dictum, because even if it is, it is a good rule and one we make the basis of a holding in this case. The ten-day rule provides uniformity and certainty, discourages delay, and is appropriate for the same reasons the ten-day rule in Rule 59(b) and (e) is itself appropriate when the case has been in federal court from the beginning. We also note that the ten-day rule of *Jackson* does not inherently favor either party. The RTC can waive its right to

246

challenge a removed state court judgment by failing to file a timely Rule 59 motion, just as the other party can. Indeed, that is what happened to the RTC in *Summerchase*, 145 F.R.D. at 584.

We would be reluctant to apply the *Jackson* ten-day rule to the Bakkers if their failure to comply with it had occurred before that decision was announced. It did not. The *Jackson* decision was released more than a year before the RTC filed its removal notice in this case; therefore, it is not unfair to charge the Bakkers with knowledge of that decision and the ten-day rule announced therein.

■ Notwithstanding the fact that the Bakkers did not file their Rule 59 motion until more than five months after the removal of this case from state court, the district court still concluded that they had complied with the ten-day rule. The district court reasoned that the ten-day period was discretionary and not mandatory, and that, in any event, it did not begin to run until the district court issued an order or notice giving the parties ten days to file. Nothing in the language of the rule, as set down in *Jackson*, supports interpreting the rule to be discretionary, and making it discretionary would undermine the purposes the rule serves. Nor does the district court's conclusion that the rule is not self-starting find any support in the rule's purposes or language. *Jackson* clearly states that the district judge should give a dissatisfied party ten days *"from the removal date* to file the motion," *see* 924 F.2d at 199 n. 9 (emphasis added); it does *not* say ten days "from the date the court gives notice."

■ Finally, we reject the Bakkers' argument that their Rule 59 motion would have waived their motion to remand back to state court under 28 U.S.C. § 1447. Section 1447 does not prevent a party from simultaneously objecting to a federal forum and challenging the merits of the underlying claim. The Bakkers could have filed both motions at the same time, or noted in a timely Rule 59 motion that a motion to remand would be filed within the thirty-day time period required by § 1447.

## III. CONCLUSION

This Court has a simple, mandatory procedure for district courts and parties to follow in financial institution receiver cases removed to federal court after a judgment has been entered in state court. A party *must* file a Rule 59 motion within ten days of removal to preserve its right to appeal. If a timely Rule 59 motion is filed, the district court *must* consider and decide the substance of that motion as it would had the judgment originated in federal court.

In this case, the Bakkers did not file their motion within the ten-day period following removal of the case from state court. Therefore, they have waived their right to challenge the state court judgment. For this reason, the district court's denial of the Bakkers' Rule 59 motion is AFFIRMED.