54 F.3d 688
 32 Fed.R.Serv.3d 457
 BAKERY CENTRE ASSOCIATES, a Joint Venture, Plaintiff-Appellee,
Martin Z. Margulies, managing joint venturer,
Plaintiff-Counterdefendant-Appellee,
v.
ORIENTATIONS GALLERY, INCORPORATED, a Florida Corporation,
Defendant-Counterclaimant-Third-Party Plaintiff-Appellant.
 No. 93-4616.
 United States Court of Appeals,
Eleventh Circuit.
 June 9, 1995.
 
 Lauri Waldman Ross, Maland & Ross, Miami, FL, for appellant.
 Robert S. Geiger, Suzan Jon Jacobs, Levine & Geiger, P.A., Miami, FL, for RTC.
 Steven M. Goldsmith, Siegel & Lipman, P.A., Boca Raton, FL, Alan T. Dimond, Greenberg, Traurig, Lipoff, Rosen & Quentel, P.A., Miami, FL, for Bakery Centre & Martin Margulies.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH and EDMONDSON, Circuit Judges, and EISELE*, Senior District Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 This appeal involves a district court's decision that it lacked jurisdiction to review a removed state court judgment. We AFFIRM.
 
 I.
 
 2
 Bakery Centre Associates ("BCA") and Martin Margulies sued Orientations Gallery, Inc. ("Orientations") for summary eviction in Florida state court.[1] Orientations filed a counterclaim against Margulies and H.M.F. Investments, Inc. ("H.M.F.") seeking damages for breach of contract and constructive eviction, rescission of the lease, and a declaratory judgment that the lease was void and unenforceable. The case was consolidated with a suit among the parties for nonpayment of rent. When BCA deeded the property at issue to Flagler Federal Savings and Loan Association of Miami ("Flagler"), Orientations added Flagler as a third party defendant.
 
 
 3
 The state court dismissed Orientations' third party complaint and counterclaims. Orientations appealed the dismissals to the Florida Third District Court of Appeals. While the appeal was pending, the Resolution Trust Corporation ("RTC") became Flagler's receiver and removed the appeal to federal district court pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. Sec. 1441a(l )(3)(A).[2]
 
 
 4
 One week after removal, Orientations and Margulies filed motions to remand the case to state court. The district court never ruled on these motions, and they were withdrawn. Two months after removal, Orientations filed a motion asking the district court to reconsider, reexamine, and vacate the state trial court's orders of dismissal. The federal district court held that it was without jurisdiction to review the state trial court's orders because Orientations had not filed a timely motion, pursuant to Rule 59(e), as required by Jackson v. American Savings Mortgage Corporation, 924 F.2d 195 (11th Cir.1991).[3] It therefore ordered that the state trial court orders of dismissal stand and that the federal case be closed.
 
 II.
 
 5
 Jackson involved a state court decision which was appealed to the Alabama Supreme Court. After the appeal was filed, the Federal Savings and Loan Insurance Corporation ("FSLIC") removed to federal district court.[4] The appellant in Jackson filed motions asking both the district court and Eleventh Circuit to remand the case to state court.
 
 In Jackson, we held that:
 
 6
 when a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to this court, it shall be incumbent on the party seeking an appeal first to move that the district judge modify or vacate the order or judgment.
 
 
 7
 Id. at 199. Under Jackson, the exclusive procedure parties must follow upon the removal of a state appeal is the filing of a timely Rule 59(e) motion. The Jackson panel reasoned that, because a federal court of appeals is charged with reviewing federal district court actions, it does not have the authority to review a removed state court decision until the district court has ruled on whether to modify or vacate that judgment. Therefore, the Rule 59(e) requirement was designed to assure "that alleged errors brought before this circuit for review are in fact as well as theory the considered products of a district judge." Id. The Jackson reasoning was recently adopted by a panel of this court in Resolution Trust Corp. v. Bakker, 51 F.3d 242 (11th Cir.1995).
 
 
 8
 Other circuits that have addressed this issue have adopted various procedures for validation by a district court of a state court judgment after removal. None, however, has embraced as rigid a requirement as making a Rule 59(e) motion the prerequisite for federal review. See RTC v. Allen, 16 F.3d 568, 573 (4th Cir.1994) (district court must enter sua sponte order adopting state court judgment; litigants then may file motions in district court or appeal); RTC v. Nernberg, 3 F.3d 62, 67-79 (3d Cir.1993) (parties may file motion to alter, modify, or open within thirty days; if motion denied or not filed, district court should adopt state judgment as its own and appeal may be taken); Reilly v. Waukesha County, 993 F.2d 1284, 1287 (7th Cir.1993) (state court decisions prior to removal may be reviewed on appeal even if district court does not reexamine); In re Meyerland Co., 960 F.2d 512, 520 (5th Cir.1992) (en banc) (parties may file Rule 60(b) motion; where no Rule 60(b) motion filed, district court should "take the state judgment as it finds it, prepare the record as required for appeal, and forward the case to a federal appellate court for review."), cert. denied, --- U.S. ----, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993). See also, RTC v. Bayside Developers, 43 F.3d 1230 (9th Cir.1994) (following Allen ); Metro North State Bank v. Gaskin, 34 F.3d 589, 591 (8th Cir.1994) (following Meyerland ); FDIC v. Keating, 12 F.3d 314, 317 & n. 4 (1st Cir.1993) (following Meyerland).
 
 
 9
 This panel, however, is bound by Jackson and Bakker unless and until they are overruled by an intervening Supreme Court decision or by the Eleventh Circuit sitting en banc. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981). Accordingly, we AFFIRM the district court.
 
 
 
 *
 Honorable Garnett Thomas Eisele, Senior U.S. District Judge for the District of Arkansas, sitting by designation
 
 
 [1]
 Our review of the record reveals a slightly different procedural history than that reported in the district court opinion
 
 
 [2]
 Section 1441a(l )(3)(A) allows the RTC to "remove any action, suit, or proceeding from a State court to the United States district court."
 
 
 [3]
 Fed.R.Civ.P. 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."
 
 
 [4]
 The RTC replaced the FSLIC as American Savings's receiver before Jackson was decided