United States Court of Appeals,

Eleventh Circuit.

Nos. 94-2929, 94-2930.

Gonzalo AGUILAR, M.D., Doroteo C. Audije, M.D., Doroteo M. Barnes, M.D., Juan Bauer, M.D., Leonardo Del Rosario, M.D., et al., Appellants-Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORP., as Receiver for Southeast Bank, N.A., etc., Receiver-Appellee,

SOUTHEAST BANK, N.A., a national banking association, fka First Federal Savings and Loan Association of Jacksonville, Defendant.

Morteza YAVARI, M.D., St. Jude Medical, Home Health Systems, Inc., Plaintiffs-Appellants,

Gonzalo Aguilar, M.D., Doroteo C. Audije, M.D., Doroteo M. Barnes, M.D., Juan Bauer, M.D., Leonardo Del Rosario, M.D., et al., Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORP., a Receiver for Southeast Bank, N.A., a national banking association, formerly known as First Federal Savings and Loan Association of Jacksonville, Defendant-Appellee,

Southeast Bank, N.A., a national banking association fka First Federal Savings and Loan Association of Jacksonville, Defendant.

Sept. 12, 1995.

Appeals from the United States District Court for the Middle District of Florida. (No. 91-747-CIV-J-20), Harvey E. Schlesinger, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

PER CURIAM:

These two appeals involve the interpretation and application

of the section of the Financial Institutions Reform, Recovery, and

_____

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Enforcement Act ("FIRREA") on agency review and judicial determination of claims against the Federal Deposit Insurance Corporation ("FDIC"). 12 U.S.C. § 1821(d)(6). These separate appeals began as a single state court action brought by fourteen plaintiffs against Southeast Bank. Before removal to federal court, the state court granted Southeast's motion for summary judgment against eleven of the plaintiffs (the *Aguilar* case), leaving three plaintiffs to continue the case (the *Yavari* case). Because the district court erred in its interpretation of section 1821(d)(6), we reverse the district court's dismissal of both cases.

The *Aguilar* Case

The Aguilar plaintiffs ("Plaintiffs") appealed the summary judgment granted against them in state court. During the pendency of the appeal, Southeast Bank was declared insolvent; and the FDIC was appointed receiver. The FDIC properly removed the case to federal district court, and Plaintiffs filed a motion to modify or to vacate judgment in the district court to appeal to this Court.[1]

---

[1]In *Resolution Trust Corp. v. Bakker,* 51 F.3d 242 (11th Cir.1995), we said that when a financial institution receivership case is removed to federal court following the entry of a state court judgment, the dissatisfied party must make a Civil Rule of Procedure 59 motion to vacate or to modify the judgment within ten days of the removal date. *Id.* at 245. This rule was first set out in *Jackson v. American Savings Mortgage Corp.,* 924 F.2d 195, 199 n. 9 (11th Cir.1991).

In the present case, Plaintiffs filed their motion to modify or to vacate judgment thirteen days after the FDIC served its notice of removal to federal district court. Until 1993, we had not decided that Civil Rule of Procedure 6(e), which adds 3 days to the prescribed time to act or to respond after notice is served by mail, was not applicable to Rule 59. *See Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111 (11th Cir.1993). So, we hold that in actions removed

The FDIC moved for summary judgment or alternatively for a stay on the grounds that Plaintiffs could not go forward with the suit until they had exhausted their administrative remedies before the FDIC. On January 15, 1992, the district court stayed the action for 180 days to allow Plaintiffs to exhaust their administrative remedies. The FDIC denied Plaintiffs' administrative claim on June 19, 1992; on July 15, 1992, the court-ordered 180-day stay expired. On January 28, 1993, the district court held a status conference; and on May 11, 1994, the district court granted the FDIC's motion to dismiss with prejudice. According to the district court's reading of 12 U.S.C. § 1821(d)(6), Plaintiffs—within 60 days after their administrative claims were denied—were required to take some action "to continue," that is, to go on with, the case. We review the district court's interpretation and application of section 1821(d)(6) *de novo*. *Lee v. Flightsafety Servs. Corp.*, 20 F.3d 428, 431 (11th Cir.1994).

Under FIRREA, federal courts generally lack the authority to decide claims against an institution in federal receivership until the claimant has exhausted his administrative remedies against the FDIC. *See Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148 (1st Cir.1992). Where a lawsuit against a financial institution is

to federal court before July 28, 1993, litigants filing Rule 59 motions had thirteen days from the date the FDIC served by mail notice that the action was removed. We note that the FDIC never argued in district court that Plaintiffs' motion to modify or to vacate was made too late.

In the light of the above, Plaintiffs' motion to strike the post-argument letter of supplemental authority and alternative motion for leave to submit additional briefing are moot.

pending when the FDIC is appointed receiver and the FDIC timely insists on the use of its administrative processes, the court action will be suspended, but only suspended; the court retains jurisdiction while the plaintiff exhausts the administrative remedies. *Id.* at 1155; *Whatley v. Resolution Trust Corp.,* 32 F.3d 905, 907-908 (5th Cir.1994); 12 U.S.C. § 1821(d)(12).

Section 1821(d)(6)(A) of FIRREA provides that within 60 days of the date the administrative claim is denied or within 60 days of the date on which the 180-day period for administrative review expires, whichever is earlier, the claimant may "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in district court. If the claimant fails to file suit (or continue an action commenced before the appointment of the receiver) before the end of that 60 day period, the claim is disallowed; and the claimant has no further rights to relief. 12 U.S.C. § 1821(d)(6)(B).

None of the plain language of section 1821(d)(6) requires an affirmative act in a case like this one; the statute does not say what a claimant must do to "continue," that is, to go on with, an action. Congress was precise in its choice of words in other sections. For example, section 1821(d)(8)(D) specifically requires a "motion to renew" a previously filed suit after the FDIC denies a claim for expedited review.[2]  12 U.S.C. § 1821(d)(8). Given the

---

[2]The legislative history focuses on giving the FDIC time to settle claims administratively. The focus is not on what claimants must do to "continue" an action after the FDIC denies their administrative claims. *See* H.R.Rep. No. 54(*l* ), 101st Cong., 1st Sess. 418 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 214. In the *Aguilar* case, Plaintiffs filed their administrative claim on December 24, 1991, and the claim was denied on June 19,

lack of express congressional direction, we hold that, *where the district court entered a stay of definite duration,* claimants need not take affirmative action to "continue" a suit which weaed filed before the appointment of the receiver:  the suit goes on when the stay expires.

This interpretation is consistent with the purpose of FIRREA—quick and efficient processing of claims.  *Marquis,* 965 F.2d at 1154.  Congress was clear in providing the FDIC with the opportunity to settle claims on its own before federal judicial intervention;  the FDIC has 180 days in which to process the claim administratively.  12 U.S.C. § 1821(d)(5).  These provisions mostly benefit the FDIC.  But, nothing in the statute explicitly provides the FDIC with the additional benefit of requiring a claimant to take additional affirmative steps to let the FDIC and the federal court know the claimant is serious about its preexisting (but temporarily suspended) lawsuit;  filing a lawsuit is enough to signal seriousness and to protect a claim so long as the claimant does not fail to participate (for example, fails to attend a conference or a deposition) in the action once the court-ordered stay expires.

The Plaintiffs' failure to exhaust administrative remedies is

---

1992.  The FDIC had its statutory opportunity to review this claim administratively.

We know that there is one line in the legislative history that suggests a motion to renew was contemplated in a case like this one.  But, we think this isolated statement buried in the legislative history is not enough to amend the language used (or not used) in the statute, nor enough to alter the well-established expectations of litigants that when a stay expires, a suit is automatically active.

for the FDIC to assert. *Whatley,* 32 F.3d at 908. When a court enters a definite stay (as in this case, a 180-day stay), the case becomes active when the stay expires. This result reflects the usual practice in American courts when stays are issued.[3] Applying the usual practice seems fair to the claimants and does not hurt the FDIC, unless one counts as "hurt" having to defend a claim on its merits. If Congress directs us to depart from the usual practice, we will; but we are unwilling to depart without clear instructions, especially when Congress has given clear instructions in other contexts. If the administrative remedies have still not been exhausted when the stay expires, it is for the FDIC to tell the court so; otherwise the suit just goes on.

Reversed and remanded.

The *Yavari* Case

This appeal involves three plaintiffs (the "Yavari Plaintiffs") against whom summary judgment was not granted in state court in the original combined action. The district court dismissed the Yavari Plaintiffs' suit with prejudice, upon motion of the FDIC, for failing to take affirmative action within the 60 day period following denial of their administrative claim.[4]

Because nothing in section 1821(d)(6) explicitly requires a claimant to take affirmative action to "continue" its case, we hold

---

[3]*See, e.g., Monatt v. Pioneer Astro Indus., Inc.,* 42 Colo.App. 265, 592 P.2d 1352 (1979) (stating that upon a stay's termination an action proceeds).

[4]In the *Yavari* case, the district court entered a 180-day stay on November 22, 1991. The *Yavari* Plaintiffs filed their administrative claim on December 24, 1991. The court-ordered stay expired on May 22, 1992; their administrative claims were denied on June 19, 1992.

that the district court erred in dismissing this case.  If, as in this case, administrative remedies have not been exhausted upon the expiration of a court-ordered stay of definite duration, the FDIC should tell the court of the failure to exhaust these remedies.  The FDIC did not do so here.  Therefore, when the stay expired, the case went on:  by the time Yavari Plaintiffs' case was dismissed, the administrative remedies had been exhausted and the preexisting lawsuit was in no sense suspended at that time.

REVERSED and REMANDED.