[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13661
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80640-CV-WPD

OLIVER SALERY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
IRS Office of Chief Counsel,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Oliver Salery, proceeding *pro se*, appeals the dismissal of his complaint

seeking to invalidate a federal tax lien. First, Salery argues that the government improperly removed his action to the federal district court. Second, Salery argues that the district court erred when it dismissed his complaint for failure to state a claim upon which relief can be granted.

I.     Removal to Federal Court

We review *de novo* a district court's removal jurisdiction. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001). Salery argues that the district court erred in removing his case to federal court because the government's notice of removal was untimely filed. This argument is without merit.

First, the government properly removed his case to federal court. Under 28 U.S.C. § 1442(a), the United States may remove to federal court any case to which it is named a party defendant. A suit will be deemed against the sovereign "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963) (quotations and citations omitted). Here, Salery's complaint is properly deemed a suit against the sovereign because it named the IRS commissioner as the defendant. Thus, 28 U.S.C. § 1442(a) provides a basis for removal jurisdiction. Additionally, for suits against the United States brought

2

under 28 U.S.C. § 2410 (the federal quiet title statute), 28 U.S.C. § 1444 provides an independent basis for removal from state to federal court. Section 1444 provides that "[a]ny action brought under § 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Because Salery claimed he was bringing his action under 28 U.S.C. § 2410 in his objection to the government's motion to dismiss, the government was also authorized to remove the case to federal court pursuant to 28 U.S.C. § 1444.

Second, the government timely filed its notice of removal with the district court. Salery argues that the government's notice of removal was untimely because the certified docket shows that removal did not take place until May 4, 2009. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b). The government's notice of removal complied with the 30-day filing requirement. Salery's complaint was filed on March 30, 2009, and the government filed its notice of removal on April 29, 2009. The fact the district court did not *docket* removal until May 4 has no bearing on our analysis of the government's timely *filing* of notice of removal. *Cf. Bragg v. Bill*

3

*Heard Chevrolet, Inc.*, 374 F.3d 1060, 1064 n.4 (11th Cir. 2004) (concluding that notice of appeal was timely filed even though the clerk did not docket the motion until after the appeal period because pleadings are deemed filed on the date submitted to the clerk, not the date of docketing).[1]  In sum, the government properly removed Salery's civil action to the federal district court.

II.     Failure to State a Claim

We review *de novo* a dismissal for failure to state a claim pursuant to Fed. R.

---

[1]     Salery also argues that the district court erred in not addressing his motion for default judgment rather than removing his complaint to federal court.  Salery contends that after the government's period of time to respond to his state court complaint passed, he filed a motion for default judgment pursuant to the Florida Rules of Civil Procedure.  According to Salery, if his timely motion had been considered in state court, there would have been no case to remove to federal court because the case would have been resolved in his favor.  We decline to address this argument.

As a general rule, when a case is removed to federal district court under original jurisdiction the federal court treats everything done in the state court as if it had in fact been done in the federal court.  *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937).  Therefore, assuming an error occurred in the state court, a federal district court "may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal."  *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988).  However, Salery has not shown that he raised the state court's disposition of his default judgment motion before the district court in his Objection to Motion to Dismiss or otherwise.  "[B]ecause a federal court of appeals is charged with reviewing federal district court actions, it does not have the authority to review a removed state court decision until the district court has ruled on whether to modify or vacate that judgment."  *Bakery Centre Assoc. v. Orientations Gallery, Inc.*, 54 F.3d 688, 689 (11th Cir. 1995) (citing *Jackson v. Am. Sav. Mortgage Corp.*, 924 F.2d 195, 199 (11th Cir. 1991)).  Moreover, the default judgment motion at issue, if any, is not part of the record on appeal to this Court.  We therefore have no basis to review the disposition of this motion.  *See Selman v. Cobb County Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006) ("[T]he burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment.").  Accordingly, we do not reach Salery's argument that he was entitled to default judgment in state court and affirm the district court's removal of his suit to federal court.

4

Civ. P. 12(b)(6).  *Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009).  "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level . . . ."  *Id.* (quotation omitted).  Although "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education[,] . . . this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998)(citations omitted).  As a general rule, we will not consider an issue that was not presented and passed on below.  *See United States v. Brown*, 587 F.3d 1082, 1088 (11th Cir. 2009).

Salery argues for the first time on appeal that the Florida Uniform Federal Lien Registration Act requires that liens must be certified by the United States Secretary of the Treasury, and that his Notice of Federal Tax Lien ("NFTL") was not properly certified.  Salery also argues that Washington, D.C., is the only place where the government may file a NFTL.  Both of these arguments are without merit.

First, Salery's belated argument that, under Florida law, his NFTL was improperly certified is misplaced.  Section 6321 of the Internal Revenue Code

5

provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Further, federal tax liens do not have to be certified in accordance with state law. *See* 26 U.S.C. § 6323(f)(3) ("The form and content of the notice . . . shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."). Additionally, the Florida Uniform Federal Lien Registration Act provides that "[c]ertification of notices of liens, certificates, or other notices affecting federal liens by the Secretary of the Treasury of the United States or his or her delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any other lien, entitles them to be filed, and no other attestation, certification, or acknowledgment is necessary." F.S.A. § 713.901(4).[2]

Second, Florida, not federal, law controls the place that federal tax liens are filed with respect to real property, and the IRS properly filed Salery's notice with the circuit court of Palm Beach County. Federal law dictates that, in the case of

_____

[2] Salery also cites to 26 C.F.R. §§ 301.6321-301.6331 in further support of his argument that liens require certification. The provisions from the C.F.R. cited generally by Salery as requiring certification of tax liens do not address this matter.

real property, a federal tax lien shall be filed "in one office within the State (or the county, or other governmental subdivision), as designated *by the laws of such State*, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1)(A)(I) (emphasis added). And Florida law requires that "[n]otices of liens upon real property for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed in the office of the clerk of the circuit court of the county in which the real property subject to the liens is situated." F.S.A. § 713.901(3)(b). Because Salery's real property is located in Palm Beach County, Florida, the government properly filed the NFTL in Palm Beach County in accordance with Florida law.

Accordingly, the district court properly dismissed Salery's complaint for failure to state a claim.

**AFFIRMED.**